[File No. 6674.]

E. B. ISAKSON, Appellant, v. STATE OF NORTH DAKOTA and John Gray, State Tax Commissioner, Respondents.

(296 N. W. 192.)

Opinion filed October 11, 1940.   Rehearing on February 11, 1941.

*Harold W. Bangert,* for appellant.

*Alvin C. Strutz,* Attorney General, *C. E. Brace,* Assistant Attorney General, and *T. A. Thompson,* Attorney for Tax Commission, for respondent.

Morris, J. This is an appeal from an order sustaining a demurrer to the plaintiff's complaint upon the ground that it fails to state a cause of action. The appeal presents for our consideration the application of the North Dakota retail sales tax to the retail sale of drinks prepared and served by the plaintiff to consumers, which drinks consist of a mixture of both alcoholic and nonalcoholic ingredients.

The plaintiff sets out in his complaint that he is a licensed dealer in alcoholic beverages, soft drinks, tobacco, and other commodities of like nature and is the holder of a sales tax permit.

He alleges: "That in the conduct of his business plaintiff sells at retail certain alcoholic beverages with which he mixes certain non-alcoholic beverages and ingredients, such as sugar, ice, flavoring syrup, soda water, pop, malt, and other commodities of a like nature, which nonalcoholic ingredients, when mixed with alcoholic beverages, are by the plaintiff and his employees delivered to customers as 'mixed drinks.'"

He also alleges that he has paid, pursuant to the demand of the tax commissioner and under protest, the sum of $25, representing sales tax claimed to be due from him on sales of nonalcoholic ingredients contained in mixed drinks; and seeks judgment against the state for the sum so paid under protest.

Chapter 249, N. D. Session Laws 1937, as amended by chapter 234, N. D. Session Laws 1939, levies a tax of 2 per cent upon gross receipts

from retail sales of tangible personal property with certain exceptions therein noted. Subsection (c) of § 1 contains the following definition: " 'Retail Sale' or 'Sale at Retail' means the sale to a consumer or to any person for any purpose, other than for processing or for resale, of tangible personal property and the sale of steam, gas, electricity, water, and communication service to retail consumers or users, and shall include the ordering, selecting or aiding a customer to select any goods, wares, or merchandise from any price list, or catalogue, which such customer might order, or be ordered for such customer to be shipped directly to such customer. By the term 'processing' as used in this act is meant tangible personal property that is used in manufacturing, producing or processing and which becomes an ingredient or component part of other tangible personal property and which latter tangible personal property becomes subject to the retail sales tax. The sale of an item of tangible personal property for the purpose of incorporating it in or attaching it to other real or personal property otherwise exempt from the sales tax shall for the purposes of this act be considered as a sale of tangible personal property for a purpose other than for processing."

Under § 4 certain property is exempted from the operation of the act in the following language: "The provisions of this act shall not apply to sales of gasoline, cigarettes, snuff, insurance premiums, or any other product or article upon which the State of North Dakota now or may hereafter impose a special tax, either in the form of a license tax, stamp tax or otherwise."

The controversy between the plaintiff and the tax commissioner develops over which of two transactions involving the sale of nonalcoholic ingredients of mixed drinks should be taxed. The plaintiff contends that the sale to him of nonalcoholic ingredients to be used in mixed drinks should be taxed, while the tax commissioner contends that the sale of these ingredients by the plaintiff to the consumer as portions of mixed drinks should be taxed.

Upon oral argument the attorney general contended that the sale of a mixed drink was taxable upon the full sale price, and that it neither partook of the exempt quality of the liquor that went into it nor could the ingredients be considered separately for the purpose of taxation.

A mixed drink is undoubtedly tangible personal property. When it is sold to the customer, it is sold to a consumer. This sale constitutes one single transaction for one item of tangible personal property. We are aware that there are many cases holding that where repairs are made upon personal property such as automobiles or shoes, separate charges may be made for the property constituting the repairs and for the services necessary in making them, and that the property used in making the repairs may be taxed while the services are exempt. The cases thus holding are not authority upon the proposition now before us for consideration. The repair of personal property which involves both the sale of repairs and the furnishing of services is quite different from the sale of a single new and complete item of personal property. A mixed drink is such an item. It does not become the property of the purchaser until it has been prepared in its final form. When thus prepared it cannot be again separated into its respective ingredients for purposes of taxation. The mixed drink as an item of tangible personal property is either taxable or nontaxable as an indivisible item.

The supreme court of California considered a similar problem under the sales tax of that state in the case of Bigsby v. Johnson, — Cal. (2d) —, 99 P. (2d) 268. One of the questions before the court was the application of a gross sales tax to printed matter where labor formed a material part of the finished product. The argument was made to the California court as it is made to us, that the finished product might, for purposes of taxation, be resolved into its original ingredients—the ingredients in that case being labor that was nontaxable and material that was taxable. In reaching the conclusion that the finished product and not its ingredients was the proper subject of the sales tax, the court said: "As the furnishing of the printed matter constitutes a sale of tangible personal property, it necessarily follows that the tax applies to the total amount of the sales price, i. e., the total amount charged for the printed matter. The definition of the term 'gross receipts' clearly forbids the elimination from the measure of the tax of any labor or service costs. It is difficult to conceive any principle more essential to the effective administration of a sales tax measured by gross receipts than one absolutely precluding the breaking down of the sales price of property into amounts attributable to labor and to materials, to the end that the tax might be avoided as to the charges for labor."

99 P. (2d) 271. The principle applied by the California court is clearly applicable to the facts in this case. The California sales tax is imposed upon the privilege of selling goods and is not a tax upon the consumer. Western Lithograph Co. v. State Bd. of Equalization, 11 Cal. (2d) 156, 78 P. (2d) 731, 117 A.L.R. 838. The North Dakota sales tax is a tax upon the purchaser. Jewel Tea Co. v. State Tax Comr. ante, 229, 293 N. W. 386. The nature of our tax strengthens the applicability of the principle stated by the supreme court of California. Our tax being upon the purchaser, that which he purchases as one item cannot be considered as several items for sales tax purposes. A sale of an item of tangible personal property may not be broken down so as to separate the component parts of such property into separate ingredients, some of which are taxable and others nontaxable.

The plaintiff argues that he is not a processor when he mixes alcoholic and nonalcoholic ingredients for sale as a mixed drink to his customers; and that the sale to him of the nonalcoholic ingredients is a sale of personal property for a purpose other than processing and is, therefore, taxable under the Sales Tax Act; and that this property having been once taxed under that act cannot again be taxed when he sells it to his customers. He bases this argument upon the last sentence of subsection (c) above quoted.

Certain taxes on alcoholic beverages are provided by the Liquor Control Act, being an initiated measure approved November 3, 1936, and appearing at page 509, N. D. Session Laws 1937. The plaintiff points out that these beverages are exempted by § 4 of the Sales Tax Act, and insists that by mixing the drinks, the nonalcoholic ingredients are incorporated in or attached to the exempt alcoholic ingredients; and thus come squarely within those sales mentioned in subsection (c) as being "for a purpose other than for processing." This contention is not tenable.

The Liquor Control Act levies a tax upon all alcohol and alcoholic beverages as defined therein and sold at retail. Section 2 of the act contains this definition: "Alcohol, and alcoholic beverages mean and include any alcoholic, spirituous, vinous, fermented, malted, or other liquor which contains more than four per centum (4%) of alcohol by weight." The Liquor Control Act specifies what alcoholic beverages

are to be taxed thereunder and the amount required to be paid. The tax is levied on the basis of quantity not value. The act does not purport to levy a tax upon the sale. It appears to be an excise tax levied upon the occupation of engaging in the sale of alcoholic beverages sold at retail. The tax is collected through the medium of stamps. It is made the duty of the wholesaler to purchase the stamps and affix them to the liquor containers in proper amounts. The wholesaler is not required to pass on the tax to the retailer nor is the retailer required to pass it on to the consumer. It is clearly not a tax upon the purchaser as is the sales tax.

The Sales Tax Act does not apply to the beverages taxed under the Liquor Control Act because of the specific provision to that effect contained in § 4 of the Sales Tax Law. It does not necessarily follow that those alcoholic beverages are exempted from the sales tax after they have become ingredients of some other commodity, or confer exemption upon that entire commodity. It scarcely could be argued that a mince pie would be exempt from the sales tax because it contained a small quantity of brandy, or that the sales tax could be collected only upon the value of that portion other than the brandy. It would also be absurd to contend the nonalcoholic ingredients of a mince pie should be taxed when sold to one who made pies for sale upon the ground that those ingredients were sold for a purpose other than processing because they would be combined with brandy before resale as a pie.

We may also select from a standard mixing guide one of the recipes for mixed drinks as an illustration. When the customer orders a drink commonly known as a "Horse's Neck," the bar man peels the rind of a lemon spiral fashion in one piece. He places one edge of this peel over the lip of a tall glass, allowing the remainder of the lemon skin to curl inside the tumbler. He then adds cubes of ice and fills the glass with ginger ale. This concoction contains no alcoholic liquor. Clearly, it is taxable when sold to the consumer. However, should the customer, when ordering his "Horse's Neck," also ask for a "collar," the bar man would add liquor, the quantity varying from a dash to a jigger, depending upon the customer's appetite and the proprietor's liberality. Under the construction contended for by the appellant, the addition of the "collar" to the "Horse's Neck" would

exempt the sale from taxation and would require that the nonalcoholic contents be taxed when purchased by the proprietor of the liquor establishment instead of when sold to the consumer.

When a bartender concocts a "mixed drink" he neither attaches the nonalcoholic ingredients to nor incorporates it in the alcoholic liquor, he creates a new beverage, one that has not previously been taxed. Such a beverage is not exempt from the sales tax. We do not believe that the legislature ever intended that the mixing of nonalcoholic ingredients with alcoholic liquors to form what are commonly known as "mixed drinks" should be considered as incorporating in or attaching the nonalcoholic ingredients to property otherwise exempt from the sales tax.

We cannot agree with the contention that alcoholic beverages taxed under the Liquor Control Act thereafter forever maintain a tax exempt status regardless of whether they are combined with other ingredients to form a new product. It would seem that those beverages may become a part of a new commodity that is wholly taxable; and that when a so-called "mixed drink" is prepared and sold to a consumer, it is not sold as taxable and tax exempt parts, but as one article so different from its individual ingredients as to destroy the previous tax exempt character of some particular ingredient.

We are fully aware that the imagination may conjure extreme illustrations where the nonalcoholic ingredients form an infinitesimal portion of the final product such as placing a drop of lemon juice in a glass of whisky. However, this illustration can be reversed, thus reversing all of its implications when we suggest the placing of a drop of whisky in a glass of lemon juice. Somewhere between these two extremes lie the realms of reason and practicability. Section 16 of the Sales Tax Act provides that the tax commissioner "shall have the power and authority to prescribe all rules and regulations not inconsistent with the provisions of this act, necessary and advisable for its detailed administration and to effectuate its purpose. . . ." It would seem that the tax commissioner may, by reasonable rules, aid in clarifying the applicability of the statute in particular instances.

In this case, the complaint merely describes the commodities sought to be taxed as "mixed drinks." No proportions are given. We have no specific facts as to the particular drinks that may be involved. We

assume that they contain some reasonable amount of nonalcoholic ingredients. Such drinks are not exempted by any of the provisions of the Sales Tax Act, but are tangible personal property, the sales of which are taxable, not in part, but in toto.

Affirmed.

NUESSLE, Ch. J., and BURR, J., concur.

BURKE, J. (dissenting). The question here presented is one of statutory construction. Under the provisions of the Sales Tax Act (N. D. Laws 1937, chap. 249), a tax is imposed "upon the gross receipts from all retail sales of tangible personal property." Section 4 of the act in so far as it is applicable reads: "The provisions of this act shall not apply to sales of . . . any product upon which the state of North Dakota now or may hereafter impose a special tax, either in the form of a license tax, stamp tax or otherwise."

The Liquor Control Act, initiated in 1936, imposes an excise tax upon all alcohol and alcoholic beverages sold at retail. The tax is a stamp tax and stamps representing the tax are required to be affixed to the containers of alcoholic beverages by the wholesalers before delivery to the retailers. Alcoholic beverages are products upon which the state of North Dakota imposes a special tax and as such they are not subject to the retail sales tax levied by chapter 249, supra.

The tax commissioner contends, however, that when substances other than alcoholic beverages are combined therewith and the resulting product is sold as a mixed drink, it is the duty of the mixer-seller to collect from his customer the sales tax upon the gross sales price of the nonalcoholic ingredients contained in the drink and make an accounting to the state therefor according to law. Both the trial court and the majority of this court have rejected the statutory construction contended for by the tax commossioner. The view adopted is that a mixed drink is an entirely new product, that alcoholic beverages incorporated into a mixed drink lose their tax-exempt character and that the seller of a mixed drink is required to collect sales tax upon the full sales price of the drink. I do not agree. In my opinion the Legislature had in mind the precise problem which gave rise to this litigation when it enacted Subdivision (c) of § 1 of chapter 249, supra,

which defined retail sales as follows: " 'Retail sale' . . . means the sale . . . for any purpose, other than for processing or for resale. . . . The sale of an item of tangible personal property for the purpose of incorporating it in or attaching it to other . . . personal property otherwise exempt from the sales tax shall . . . be considered as a sale . . . for a purpose other than processing." This section means, 1. A sale for resale is not taxable; 2. A sale for processing is not taxable; 3. A sale of property, for the purpose of incorporating it in or attaching it to other property which is tax exempt, is taxable when sold to the person who buys it for the purpose of incorporating it in or attaching it to the exempt property.

As I view it, the legislature contemplated that taxable property, when attached to or incorporated in tax-exempt property in such a manner that it became an integral part of the tax-exempt property, assumed the tax-exempt character of the property of which it had become a part and in order that the tax on the sale of that property might not be lost to the state, provided that the tax should be paid upon the last sale made before it was so incorporated or attached. The application of the statute to the facts of the instant case seems clear. In concocting a mixed alcoholic drink the bartender mingles non-alcoholic and alcoholic ingredients. As a result of the mixing, the raw liquor may be diluted and flavored so that the shock to the consumer's palate and digestive tract is minimized but the mixture still remains an alcoholic beverage. In other words, the nonalcoholic ingredients have been incorporated into the tax-exempt alcoholic beverage. They have lost their identity in the blending, and have become an integral part of the tax-exempt alcoholic whole. The sales tax upon such ingredients however is not lost to the state. Under the express language of the statute, the proprietor of a liquor store must pay the sales tax on all substances which he purchases for the purpose of incorporating in alcoholic beverages.

It was urged upon the argument that this construction of the statute would bring about the absurd result that any item of personal property could be made exempt from the sales tax simply by adding to it a few drops of some alcoholic beverage. This does not follow at all. If a tax-exempt alcoholic beverage is incorporated into property sub-

ject to the sales tax, the whole is subject to the sales tax. The test as to which substance has been incorporated into the other is what remains after the mixing has been completed. If, after mixing there remains an alcoholic beverage then the other substances have been incorporated into it. If on the other hand something other than an alcoholic beverage results from the mixing then the alcoholic beverage has been incorporated into other substances.

I think the order sustaining the demurrer to the complaint should be reversed. I am authorized to state that Judge Christianson agrees with the views here expressed.

MORRIS, J. (on rehearing). A rehearing was granted and this case was reargued. After again considering the entire record, including briefs and arguments of counsel, we adhere to our former opinion.

BURR, Ch. J., and NUESSLE, J., concur.

We adhere to the views expressed in the dissenting opinion heretofore filed in this case.

BURKE and CHRISTIANSON, JJ.