R. C. MAHON CO. v. DEPARTMENT OF REVENUE.

1. TAXATION—SALES TAX—MATERIAL BECOMING STRUCTURAL PART OF
   REALTY.

   Since amendment of the general sales tax act providing that
   "tangible personal property permanently affixed and becoming
   a structural part of real estate shall not be considered as con-
   sumed or used in industrial processing or agricultural produc-
   ing," the transfer of ownership of such property in the or-
   dinary course of the transferor's business to a transferee for
   consumption or final use subjects the transferor to the sales
   tax thereon (Act No. 167, § 1, subd. [b], Pub. Acts 1933, as
   amended by Act No. 313, Pub. Acts 1939).

2. SAME—SALES TAX—MATERIAL BECOMING STRUCTURAL PART OF
   REALTY—SALES TO FEDERAL AND STATE GOVERNMENTS, SCHOOLS,
   HOSPITALS, HOMES, CHURCHES.

   Contractor which uses materials in erecting structures which,
   incident to performance of his contract, became part of the
   real estate would not be liable for sales tax thereon where
   the erection contract is with the United States, the State of
   Michigan, its departments, institutions or subdivisions exempt
   from taxation nor with schools, hospitals, and incorporated
   homes for care or maintenance of children or aged persons not
   operated for profit nor churches or houses of religious worship
   excepting such as are mainly commercial enterprises (Act No.
   167, § 4, subd. [b], § 4a, Pub. Acts 1933, as amended by Act
   No. 313, Pub. Acts 1939).

3. SAME—SALES TAX—USE TAX.

   A concern which is liable for sales tax on certain transfers of
   property is not liable for the use tax thereon even though the
   property be purchased outside of the State (Act No. 94, § 4,
   Pub. Acts 1937).

4. SAME—USE TAX—MATERIAL BECOMING STRUCTURAL PART OF REALTY—SALES TO FEDERAL AND STATE GOVERNMENTS, SCHOOLS, HOSPITALS, CHURCHES.

Transfers of personal property obtained from out-of-State sources which is used by plaintiff in performance of structural steel erection contracts are not subject to use tax where used in performance of contracts with the Federal or State governments, departments, institutions or subdivisions exempt from taxation or with schools, hospitals, churches, and certain other institutions not operated for profit (Act No. 94, § 4, Pub. Acts 1937).

5. SAME—CONSTRUCTION OF TAX STATUTES.

While the rule that tax statutes are to be construed liberally in favor of the taxpayer is not ignored, "construing" is not indulged in where statutory provisions involved are plain, specific and unambiguous.

6. SAME—SALES TAX—USE TAX—STATUTES—RULES AND REGULATIONS.

Liability for payment of the State sales or use tax is controlled by statute and cannot be imposed by rulings or regulations of the revenue-collecting agency (Act No. 167, Pub. Acts 1933, as amended; Act No. 94, Pub. Acts 1937).

7. COSTS—PUBLIC QUESTION—CONSTRUCTION OF TAX STATUTES.

No costs are awarded in suit for declaratory decree as to liability for payment of a sales or a use tax, a question of public importance being involved (Act No. 167, Pub. Acts 1933, as amended; Act No. 94, Pub. Acts 1937).

Appeal from Ingham; Hayden (Charles H.), J. Submitted June 18, 1943. (Docket No. 35, Calendar No. 42,393.) Decided October 11, 1943. Rehearing denied November 29, 1943.

Petition by R. C. Mahon Company, a Michigan corporation, against Department of Revenue of the State of Michigan for a declaration of rights respecting payment of sales and use taxes on materials used in construction of buildings for industrial operations. Decree for defendant. Plaintiff appeals. Decree ordered entered in accordance with opinion.

*Arthur T. Iverson,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *T. Carl Holbrook* and *Maurice M. Moule,* Assistants Attorney General, for defendant.

North, J. Plaintiff herein, by a petition filed April 15, 1942, seeks a declaratory decree as to its liability for payment of a sales tax or a use tax. The property which either is or is not subject to the sales tax or use tax consists of materials (tangible personal property) used by plaintiff as a contractor in the construction, alteration, or improvement of real estate for others, and thereby becomes a part of their real property. It is stated in plaintiff's brief: "Plaintiff's main business is that of a structural steel contractor, fabricating and erecting steel in compliance with its contracts."

*Sales Tax.* Liability for payment of the sales tax under circumstances like those here involved was passed upon in *Acorn Iron Works, Inc.,* v. *State Board of Tax Administration,* 295 Mich. 143 (139 A. L. R. 368). It was there held that the contractor was not liable for the sales tax; but that decision, as specifically noted therein, was controlled by the statute as worded prior to its amendment by Act No. 313, Pub. Acts 1939. The pertinent portion of the statute (the 1939 amendment being italicized) reads:

"The term 'sale at retail' means any transaction by which is transferred for consideration the ownership of tangible personal property, when such transfer is made in the ordinary course of the transferor's business and is made to the transferee for consumption or use other than for consumption

or use in industrial processing or agricultural producing, or for any other purpose than for resale in the form of tangible personal property: *Provided, however, That tangible personal property permanently affixed and becoming a structural part of real estate shall not be considered as consumed or used in industrial processing or agricultural producing.*"
Act No. 167, § 1, subd. (b), Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939; retained in Acts Nos. 59 and 249, § 1, subd. (b), Pub. Acts 1941; and Act No. 29, Pub. Acts 1943.*

As the result of this amendment, as a matter of law, the materials sold or used by plaintiff in the performance of its contract are not "considered as consumed or used in industrial processing." Instead the final use or "consumption" of these materials is by plaintiff's transferee or vendee; and plaintiff becomes liable for the sales tax because the transfer of ownership of these materials to the party for whom plaintiff performs its contract "is made in the ordinary course of the transferor's business and is made to the transferee for consumption" or final use. The 1939 amendment has changed the former law by providing: "That tangible personal property permanently affixed and becoming a structural part of real estate *shall not* be considered as consumed or used in industrial processing." Instead, in such transactions, plaintiff transfers ownership of its materials to the party with whom plaintiff contracts for its final use and consumption. Hence, as above noted, plaintiff becomes liable for payment of the sales tax on the materials used in its normal transactions. The obvious purpose of the 1939 amendment is to impose a sales tax on materials (tangible personal

---

* See Comp. Laws Supp. 1943, § 3663–1, Stat. Ann. 1943 Cum. Supp. § 7.521.—Reporter.

property) used by a contractor in erecting structures which, incident to performance of his contract, become "part of real estate."

But this appeal presents the further question as to plaintiff's liability for payment of the sales tax on materials used "in the performance of contracts with the Federal government, State government, or its subdivisions, agencies or instrumentalities thereof, hospitals, houses for the care or maintenance of children or aged persons not operated for profit, and regularly organized churches or houses of religious worship." The answer to this question is clearly covered by Act No. 167, § 4, subd. (b), § 4a, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3663–4, subd. [b], § 3663–4a, Stat. Ann. 1942 Cum. Supp. § 7.524, subd. [b], § 7.525), which read:

"(b) No person subject to a tax under this act need include in the amount of his gross proceeds used for the computation of the tax any proceeds of his business derived from sales to the United States, the State of Michigan, its departments or institutions, or any of its subdivisions, or any proceeds of his business which are exempt from taxation by reason of the provisions of the Constitution of the United States or the Constitution of Michigan, and as a consumer, the United States, the State of Michigan, its departments or institutions, or any of its subdivisions for their own consumption, shall not be liable for the payment of the tax.

"SEC. 4a. No person subject to tax under this act need include in the amount of his gross proceeds used for the computation of the tax any sales not for resale to:

(a) Schools or other educational institutions not operated for profit.

(b) Hospitals not operated for profit.

(c)   Incorporated homes for the care or mainte-
nance of children or aged persons not operated for
profit.

(d)   Regularly organized churches or houses of
religious worship, excepting such as are mainly
commercial enterprises.''

As we have already indicated, plaintiff is liable
in its normal or usual transactions as contractor for
payment of a sales tax, but when its contract is with
an entity within the terms of the last above quoted
statutory provisions, plaintiff cannot be held liable
for payment of a sales tax, because the statute ex-
pressly so provides.

*Use Tax.*   Since plaintiff is subject to payment of
a sales tax on the materials used in the perform-
ance of its ordinary contracts, it is not liable for the
payment of a use tax on such materials purchased
outside of Michigan.   It is definitely so provided in
the use tax act.   The applicable portion reads:

''The tax hereby levied shall not apply to:

(a)   Property the sale of which in this State has
been subjected to the tax imposed by Act No. 167 of
the Public Acts of 1933 as amended (sales tax act).''
Act No. 94, § 4, Pub. Acts 1937 (Comp. Laws Supp.
1940, § 3663-44, Stat. Ann. 1942 Cum. Supp. § 7.555
[4]).

As to plaintiff's liability for payment of a use tax
on materials used in the performance of a contract
with the Federal government, et cetera, the use tax
act contains a provision for exemption from the pay-
ment of the use tax which in its general terms is
like the provisions last above quoted from the sales
tax statute.   See Act No. 94, § 4, Pub. Acts 1937.
Clearly, because of such specific exemption con-
tained in the statute, plaintiff cannot be required to

pay a use tax on material used by it in the performance of a contract with an entity which comes within those included in the last above-cited statutory provision.

It is hardly necessary to note that *Alabama* v. *King & Boozer*, 314 U. S. 1 (62 Sup. Ct. 43, 86 L. Ed. 3, 140 A. L. R. 615), which involved the Alabama sales tax statute and in which the defendants were held liable for the sales tax on materials purchased for the performance of a contract with the Federal government, is not controlling or in point in the instant case, because it seems obvious from that decision the Alabama statute does not contain provisions for exemption from the tax which are at all comparable to the specific exemptions found in the Michigan statutes, including among others "sales to the United States, the State of Michigan."

In presentation of this appeal it has been urged that we give effect to "the rule which requires taxing acts * * * to be construed liberally in favor of the taxpayer." There is no disposition to ignore or depart from the quoted rule of construction; but in the instant case there is no room or occasion for "construing" the controlling statutory provisions. They are plain, specific and unambiguous. And as to both the sales tax and the use tax, it may here be said again as we stated in *Acorn Iron Works, Inc.,* v. *State Board of Tax Administration, supra*: "It is sufficient to note that liability for payment of the sales (and use) tax is controlled by statute. It cannot be imposed by rulings or regulations of the board (department.)"

For clarity of result it should be noted that our conclusion herein does not follow *Metzen* v. *State Board of Tax Administration*, 301 Mich. 532, wherein it is stated the transaction or operation there involved "is not affected by the (1939) amendment."

In the light of our decision herein, it is obvious that the "Amendment to Contractors' Ruling No. 21" adopted by defendant December 10, 1941 (which, because of its length, we do not reproduce), conflicts with the governing statutes and is invalid.

A decree may be entered in this court in accordance herewith. A question of public importance being involved, no costs are awarded.

Boyles, C. J., and Chandler, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.