**NORTHERN IMPROVEMENT COMPANY,**
a corporation, Plaintiff and Appellant,

v.

**J. Arthur ENGEN, as Tax Commissioner of**
the State of North Dakota, and his suc-
cessor in office, Defendant and Respondent.

No. 7475.

Supreme Court of North Dakota.

Dec. 17, 1954.

Rehearing Denied Feb. 21, 1955.

Wattam, Vogel, Vogel, Bright & Peterson, Nilles, Oehlert & Nilles; Cupler, Tenneson, Serkland & Leahy, Fargo, N. D., Degnan, Hager & McElroy, Grand Forks, N. D., and Richard P. Rausch, Bismarck, N. D., for plaintiff and appellant.

Paul Benson, Atty. Gen., A. C. Bakken, Sp. Asst. Atty. Gen., and Kenneth M. Jakes, Estate Tax Deputy, Bismarck, N. D., for defendant and respondent.

MORRIS, Chief Justice.

This is an appeal from an order sustaining a demurrer to plaintiff's complaint. The complaint discloses that the plaintiff is a North Dakota corporation engaged in the contracting business and among other things constructs projects for the United States Government, the State of North Dakota, political subdivisions of the state, municipal corporations and educational institutions created and operated by the state. During the year 1953 the plaintiff purchased tangible personal property consisting of cement, steel, iron, equipment, glass, paint, lumber and other construction supplies and sundries which it incorporated in various projects and structures which became a part of the real estate of tax exempt entities upon which such projects and structures were located, all of which were within the State of North Dakota. On or about January 19, 1954, the plaintiff paid under protest a sales tax and use tax of $8,448.56 on this tangible personal property. After filing a claim for a refund of the sum so paid, which was rejected, the plaintiff brought this action to recover the amount paid.

The plaintiff contends that when it incorporates steel, cement, or other construction materials into airports, roads, streets, and structures for the government of the United States or the state or the tax exempt agencies of either, it makes a retail sale of those materials and that such sale is exempt under the sales tax law because the tax exempt contractee is the consumer. The state tax commissioner contends that in such transactions the plaintiff is the consumer and must pay a sales tax on the tangible personal property it consumes in creating the structure which is the object of the construction contract.

■ Our sales tax law is contained in Chapter 57–39, NDRC 1943 and in Chapter 57–39, NDRC 1953 Supp. A tax of two per cent is imposed upon gross receipts from all sales of personal property consisting of goods, wares, or merchandise sold at retail in the state of North Dakota to consumers or users, except as otherwise provided in the act. Section 57–3902, ND RC 1953 Supp. The phrase, "goods, wares, or merchandise," embraces some, and sometimes all, species of personal property. It never includes real estate. Culp v. Holbrook, 76 Ind.App. 272, 129 N.E. 278; Crowe v. Union Automobile Ins. Co., Tex.Civ.App., 79 S.W.2d 168.

Chapter 57–40, NDRC 1943, provides for a use tax which is declared to be supplementary to the sales tax. Section 57–4003. Section 57–4002, NDRC 1943, imposes an excise tax of two per cent on the storage, use, or consumption in this state of tangible personal property purchased at retail for storage, use, or consumption in this state. Section 57–4005 provides that this tax shall be paid in the following manner:

"1. The tax upon tangible personal property which is sold by a retailer maintaining a place of business in this state, or by such other retailer as the tax commissioner shall authorize pursuant to subsection 2 of section 57–4006, shall be collected by the retailer and remitted to the commissioner as provided by section 57–4006;

"2. The tax, when not paid in conformity with subsection 1 of this section, shall be paid to the tax commissioner directly by any person storing, using, or consuming such property within this state, pursuant to the provisions of section 57–4006."

In Section 57–4006, NDRC 1943, we find that:

"6. Any person who uses any property upon which the said tax has not been paid, either to the retailer or directly to the tax commissioner, shall be liable therefor, and, on or before the twentieth day of the month next succeeding each quarterly period, shall pay the tax upon all such property used by him during the preceding quarterly period, in such manner and accompanied by such returns as the commissioner shall prescribe; * * *."

■ Section 57–3902, NDRC 1953 Supp., imposes a sales tax upon goods "sold at

retail." Section 57–3901, NDRC 1953 Supp., defines words and phrases used in the sales tax law and says:

"3. 'Retail sale' or 'sale at retail' means the sale to a consumer or to any person for any purpose, other than for processing or for resale, of tangible personal property * * *. The sale of an item of tangible personal property for the purpose of incorporating it in or attaching it to other real or personal property otherwise exempt from the sales tax shall be considered as a sale of tangible personal property for a purpose other than for processing; * * *."

Under this definitive statutory provision, it is clear that when any person for any purpose buys an item of tangible personal property for the purpose of incorporating it in or attaching it to real property, the sale cannot be considered either for processing or for resale but is a taxable sale at retail.

The plaintiff points out that under Section 57–3903, NDRC 1943, gross receipts from the sale of tangible personal property sold to the United States, the State of North Dakota, or any of its subdivisions, departments, or institutions, including municipal corporations, are exempt from the sales tax and argues that the construction of a project for the United States or the state or any of its exempt institutions, subdivisions, or corporations, is a sale thereto of the tangible personal property incorporated in the project by the plaintiff and is exempt from the sales tax. In support of its contention the plaintiff turns to the definition of the word "retailer" contained in paragraph 5 of Section 57–3901, NDRC 1953 Supp., which provides that

" 'Retailer' * * * shall include any person as herein defined who by contract or otherwise agrees to furnish for a consideration a totally or partially finished product consisting in whole or in part of tangible personal property subject to the sales tax herein provided, and all items or (of) tangible personal property entering into the performance of such contract as a component part of the product agreed to be furnished under said contract shall be subject to the sales tax herein provided; and the sales tax thereon shall be collected by the contractor from the person for whom the contract has been performed in addition to the contract price agreed upon, and shall be remitted to the state in the manner provided in this Act (chapter); * * *."

■■ We must determine whether one who buys tangible personal property and attaches it to real property in the course of constructing a project is a retailer who has agreed to furnish a totally or partially finished product consisting in whole or in part of tangible personal property subject to our sales tax or whether he is a person who buys personal property for the purpose of incorporating it in or attaching it to real estate. In the former instance he is a retailer under paragraph 5, in the latter he is a consumer, the purchase being a sale at retail under paragraph 3. If the transaction by which the contractor purchased his materials is a sale at retail and taxable, the plaintiff, as consumer, must pay the tax regardless of whether his construction contract is with a tax exempt public political subdivision or with a nonexempt contractee. Our sales tax is primarily a tax on the consumer. Jewel Tea Co. v. State Tax Commissioner, 70 N.D. 229, 293 N.W. 386; Voss v. Gray, 70 N.D. 727, 298 N.W. 1; Isakson v. State, 70 N.D. 505, 296 N.W. 192; Federal Land Bank v. Bismarck Lumber Co., 70 N.D. 607, 297 N.W. 42; F. W. Woolworth Co. v. Gray, 77 N.D. 757, 46 N.W.2d 295.

Legislation in the various states has produced divergent statutes with the result that decisions from other jurisdictions are seldom helpful, except to point out general principles. In Harding v. Oklahoma Tax Commission, Okl., 275 P.2d 264, the court rejected the contention of the contractor that he did not use or consume tangible personal property that he incorporated in construction projects but that he purchased it for resale.

In City of St. Louis v. Smith, 342 Mo. 317, 114 S.W.2d 1017, 1019, the question was whether, under a statute imposing a sales tax on retail sales of tangible personal property, the city was liable to pay the tax on materials used in the construction of paving, a sewer, and a hospital where the contractors agreed to furnish all work and materials and to deliver the completed work for a lump sum. The court said:

"In our judgment the contractors in this case did not buy the materials in question for the purpose of reselling such materials to the city. * * * Since the contractors used and consumed the material, they and not the city are primarily liable for the one per cent. sales tax. The sale of the materials by the dealer to the contractors was the taxable transaction, and it was the duty of the dealer to collect the tax from the contractors at the time the sale was made."

State v. Christhilf, 170 Md. 586, 185 A. 456, 457, involved liability for an occupational tax based on gross receipts from the sale of all tangible personal property at retail. The defendant constructed a highway under a contract with the state. No question of tax exemption is involved. The court held that the transaction between the contractor and the state did not involve " 'a sale at retail' " of the materials used by the contractor in constructing the highway and said:

"we cannot agree with the view that there is a transfer of title to so many feet of lumber, kegs of nails, thousands of brick, perches of stone, cubic yards of concrete, or other items of materials entering into a lump sum contract, for a complete job or structure, which, when erected on the customer's land, is as much real property as the land itself and is by no sort of definition or reasoning 'tangible personal property.' "

In Duhame v. State Tax Commission, 65 Ariz. 268, 179 P.2d 252, 260, 171 A.L.R. 684, the court said:

"the one basic principle that may be gleaned safely from the reported cases

is that when a completed structure is erected on the owner's land, it is as much real property as the land itself. By no definition or reasoning is it tangible personal property. The constituent elements of personalty have been destroyed by a metamorphosis, i. e. by the their incorporation into the completed structure. Through the contractor's application of skill and labor to the materials, something different has been wrought from their use and union, and the materials purchased are no longer to be distinguished as personalty. Therefore, we hold that when the contractor buys materials and supplies for use in fulfilling his contract, he does not purchase them for resale as tangible personal property, but for use in producing the completed job. He is not a trader or dealer."

These decisions are consistent with the provision of paragraph 3, Section 57-3901, NDRC 1953 Supp., to the effect that the sale of tangible personal property for the purpose of incorporating it in or attaching it to real property is a sale for a purpose other than processing. It is clear to us that such a sale is neither for processing nor for resale.

In apposition to the conclusion we have just expressed, the appellant would place the provision which we have quoted from paragraph 5 of Section 57-3901, ND RC 1953 Supp., which includes within the definition of retailer a person who agrees to furnish for consideration a product consisting in whole or in part of tangible personal property subject to the sales tax and provides that all items of personal property entering into the contract as a component part of the product are subject to the sales tax. In considering this point we must not lose sight of the fact that the tax is imposed upon the sale of tangible personal property only. Section 57-3902, NDRC 1953 Supp. No tax is imposed upon the sale of real estate. Paragraph 5 does not enlarge the class of property upon which the sales tax is imposed. If the personal property has become real estate a sale

thereof is no longer subject to the sales tax.

The situation here is not unlike that involved in Acorn Iron Works v. State Board of Tax Administration, 295 Mich. 143, 294 N.W. 126, 127, 139 A.L.R. 368, from which we quote:

"In each case plaintiff's undertaking was to furnish the labor and structural steel requisite to the performance of its contract in erecting, repairing or altering a structure in accordance with designated plans and specifications. The question presented for determination is whether such transactions either with the owners of the property or with the building contractor (including subcontractors) were of such a character that they imposed upon plaintiff the obligation to pay a sales tax on the structural steel used. * * *

"The lump sum contract transactions here involved, regardless of whether plaintiff's undertaking was with a construction contractor or with an owner, were for a stipulated sum covering both time and material and in consideration of which plaintiff contracted to erect a designated steel structure according to plans and specifications. In plaintiff's process of performance the materials used ceased to be personal property and became a part of the realty in which form plaintiff obligated itself to deliver the completed contract product to the party with whom it had contracted. Before title to the structural steel passed and before plaintiff's contract was completed the subject matter of the contract had ceased to be 'tangible personal property'. Plaintiff's lump sum construction contract required it to perfect and deliver a structure which conclusively was realty, not personalty. Such a transaction is not subject to the Michigan sales tax imposed on sales of tangible personal property."

After that decision the Michigan sales tax law was amended and in the case of R. C. Mahon Co. v. Department of Revenue, 306 Mich. 660, 11 N.W.2d 280, cited by plaintiff, it was held that the contractor was liable for sales tax on materials used in its normal construction contracts but that when the contract was with an entity that was exempt from payment of the sales tax, the contractor could not be held liable for the payment of a sales tax on material used in carrying out the contract. That decision was based entirely upon an amendment of the Michigan sales tax law which bears no resemblance to the provisions of our statute under consideration.

As we construe the term "retailer" as defined in paragraph 5 of Section 57–3901 it does not include a person who sells real property and the phrase "product consisting in whole or in part of tangible personal property subject to the sales tax [herein] provided" means a product that remains personal property at the time that it is sold or transferred under the contract.

Tangible personal property purchased by a contractor for the purpose of attaching it to or incorporating it in real estate is clearly taxable under the provisions of paragraph 3 of Section 57–3901, NDRC 1953 Supp. Under the provisions of paragraph 5 of this section one who furnishes for a consideration a product consisting in whole or in part of tangible personal property is a retailer and all items of tangible personal property that become a component part of the product are subject to the sales tax unless a product is sold to a tax exempt entity. If the term product is construed to include works and structures such as roads, streets, bridges, dams, and permanent buildings that become a part of the real estate of the person or corporation, public or private, contracting therefor, we have either a conflict between the provisions of paragraphs 3 and 5 or we have double taxation of tangible personal property, neither of which the legislature intended. If the term product is construed not to include real estate conflict is avoided. The latter construction is reasonable. It therefore becomes our duty to so construe the statute. National Farmers Union Life Ass'n v. Krueger, 76 N.D. 619, 38 N.W.2d 563; Ophaug v. Hildre, 77 N.D.

221, 42 N.W.2d 438; State for Benefit of Workmen's Compensation Fund v. E. W. Wylie Co., N.D., 58 N.W.2d 76.

Neither the pleadings nor the briefs have attempted to make any distinction between the liability of the plaintiff under the sales tax law and under the use tax law. We make none here. The sales to the plaintiff of items of tangible personal property incorporated in or attached to real estate in carrying out its contracts on construction projects described in the complaint are taxable. As far as the complaint shows the taxes paid were based upon the value of the property involved in such sales. The complaint does not show that the plaintiff is entitled to a refund of those taxes and it therefore fails to state a cause of action. The order sustaining the demurrer is affirmed.

GRIMSON, SATHRE, and BURKE, JJ., and O. B. BURTNESS, District Judge, concur.

JOHNSON, J., did not participate.