DONOHUE *v.* RUSSELL.

1. COURTS—EFFECT OF OVERRULING DECISION—RETROACTIVE EFFECT.
    Effect of overruling decision and refusing to abide by precedent there laid down is retrospective, and makes law at time of overruled decision as it is declared to be in last decision, except in so far as construction last given would impair obligations of contracts entered into or injuriously affect vested rights acquired in reliance on earlier decisions.

2. SAME—LANDLORD AND TENANT—LIABILITY FOR RENT.
    Where lessee, following decision of Supreme Court that riparian owners had no title to land lying between meander line and water line of Saginaw Bay, paid no rent to his lessor, but, after seven years, said decision was overruled, lessee is liable for rent for said period, since law of case reverted to time of former decision.

3. SAME—VESTED RIGHTS IN ERRONEOUS DECISION.
    Lessee, by installing electric lights and water in his cottage for his own convenience thereby acquired no vested rights in erroneous decision of Supreme Court, to which he was not party, that lessor had no title to leased land.

Appeal from Bay; Houghton (Samuel G.), J. Submitted April 14, 1933. (Docket No. 6, Calendar No. 37,047.) Decided August 29, 1933.

Summary proceedings by Mollie Donohue against George Russell to recover possession of land between meander line and water line of Saginaw Bay. Judgment for plaintiff. Defendant appeals. Affirmed.

*A. H. McMillan,* for plaintiff.

*John E. Kinnane,* for defendant.

McDONALD, C. J. This is an appeal by the defendant from a judgment of the circuit court of Bay county in summary proceedings for the possession of land lying between the meander line and the water line of Saginaw Bay.

In July, 1918, the defendant leased from the plaintiff a vacant lot on Donohue Beach for a period of five years. On this lot he built a cottage. He occupied the cottage and paid his rent until March 22, 1923, at which time this court decided the case of *Kavanaugh* v. *Rabior,* 222 Mich. 68, in which it was held that riparian owners along the Great Lakes own only to the meander line, and the title to the land beyond that line is held by the State in trust for the public. In December, 1930, *Kavanaugh* v. *Rabior* was overruled by *Hilt* v. *Weber,* 252 Mich. 198 (71 A. L. R. 1238), in which it was held that the riparian owner owns the land beyond the meander line to the edge of the water. Following the *Kavanaugh Case,* and until the decision in *Hilt* v. *Weber,* a period of about seven years, the defendant, acting under the advice of the State conservation department, paid no rent. The plaintiff notified him by mail that:

"No more statements will be sent you until after the disputed question of ownership is settled by either the legislature or the Supreme Court, but your account will be carried with interest."

After the question was settled in *Hilt* v. *Weber,* the plaintiff demanded the payment of rent for the preceding seven years. Defendant refused to pay. Summary proceedings were instituted, and in the circuit court judgment was rendered for the plaintiff. The defendant has appealed.

The question to be determined is whether the plaintiff is entitled to recover rent for the period

during which, according to the decision in the
*Kavanaugh Case,* she had no title.  The answer de-
pends on whether the overruling decision is given
prospective or retrospective effect.

"The effect of overruling a decision and refusing
to abide by the precedent there laid down is retro-
spective and makes the law at the time of the over-
ruled decision as it is declared to be in the last deci-
sion, except in so far as the construction last given
would impair the obligations of contracts entered
into or injuriously affect vested rights acquired in
reliance on the earlier decisions.  *  *  *  The over-
ruled decision remains the law of the case with re-
spect to the particular case in which it was ren-
dered."  15 C. J. p. 960, § 358.

See, also, 7 R. C. L. p. 1010, § 36.

As the principle enunciated in these texts is sup-
ported by the great weight of current authority, it
is not necessary to indulge in a further discussion
of the question.

But the defendant contends that, in reliance on
the former decision, he has acquired vested rights
by having made permanent improvements on the
premises, and, therefore, comes within the excep-
tion that prevents the overruling decision from
operating retrospectively.

We think the trial court correctly disposed of this
contention in the following statement, which we
quote from his opinion:

"An examination of the testimony discloses that
the major portion of services and betterments were
required under the terms of the lease.  Equipping
the cottage with water and electric lights was a
voluntary act on his part.  All of the services and
improvements were for his own convenience; the
cottage, being personal property, may be removed,

in which event the installation of electric lights and water would be practically destroyed, but were all originally for his own personal use and comfort, for which there could be no accounting.''

Other questions argued in the briefs and not herein discussed are considered to be without merit.

The judgment is affirmed, with costs to the plaintiff.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.