ROXBURY *v.* WEIDMAN LUMBER CO.

1. MASTER AND SERVANT—NATIONAL CODES—COMPENSATION.
  National codes regulating wages *held*, to have no bearing on issues involved on employer's petition to stop compensation under workmen's compensation act in admeasuring compensation for partial disability.

2. SAME—AVERAGE WEEKLY EARNINGS.
  Millwright whose average weekly earnings were $27 at time of injury and $17.40 at time of hearing on petition to stop compensation, may properly receive $6 weekly for partial disability since present average weekly earnings and compensation do not exceed his average weekly earnings at time of injury (2 Comp. Laws, 1929, § 8427e).

3. SAME—BASIS OF COMPUTING COMPENSATION—GENERAL WAGE DE-CREASE.
  General wage decrease for millwrights may not be considered in determining compensation payable since statute designates basic figure as average weekly earnings at time of injury (2 Comp. Laws 1929, § 8427e).

Appeal from Department of Labor and Industry. Submitted June 6, 1934. (Docket No. 38, Calendar No. 37,644.) Decided October 1, 1934.

Roy Roxbury presented his claim against Weidman Lumber Company, employer, and State Accident Fund, insurer, for accidental injuries sustained while in defendant's employ. On petition to stop compensation. From denial of petition, defendants appeal. Affirmed.

*Donnelly & Walsh,* for plaintiff.

*Derham & Derham,* for defendants.

WIEST, J. This is certiorari to the department of labor and industry, and brings to review refusal to stop compensation awarded plaintiff for partial disability arising out of a personal injury while in the employ of defendant Weidman Lumber Company.

Plaintiff was a millwright and, in April, 1928, sustained a dislocation of his left shoulder and fracture of his left leg and, while now in the same employ, he has a stiff leg but, by being favored with the assistance of another millwright, is able to hold his job and receives the same wages as his fellow millwright.

By agreement he received $18 per week for the period of total disability. In April, 1931, a petition to stop compensation was denied and an award of partial disability at nine dollars per week was made. September 7, 1933, upon another petition to stop compensation, an award was made of six dollars per week for partial disability. Upon review defendant seeks reversal of this award and a stop to compensation.

The injuries have partially disabled plaintiff but defendant contends that, under the undisputed evidence, he is suffering no impairment of his earning capacity because he is receiving the wages of a millwright and earning the wage prescribed by the NRA code, and defendant would not be permitted by that code to pay more if it wished to do so. Defendant also contends that an award must be made on loss of earnings only and, when it appears that plaintiff is earning the wage of a millwright, his earning capacity in the same employment is not lessened.

Plaintiff contends that the NRA code has nothing to do with his employment for the employer is under the lumber code of fair competition and that code makes no attempt at fixing maximum wages.

The mentioned codes have no bearing upon issues here involved.

In an opinion the board stated the burden was on defendant to establish the fact that the man had fully recovered and is now able to do the work that he did when injured.

Defendant contends that under 2 Comp. Laws 1929, § 8427, subd. (e), there is appointed a different test. That section reads:

"(e)  The weekly loss in wages referred to in this act shall consist of such percentage of the average weekly earnings of the injured employee computed according to the provisions of this section as shall fairly represent the proportionate extent of the impairment of his earning capacity in the employment in which he was working at the time of the accident, the same to be fixed as of the time of the accident, but to be determined in view of the nature and extent of the injury: *Provided,* The compensation payable, when added to his wage earning capacity after the injury in the same or another employment, shall not exceed his average weekly earnings at the time of such injury."

Defendant contends that plaintiff's wage now equals that of the times, payable to others of the same craft, and, therefore, he is suffering no loss of his wage earning capacity.

In *MacDonald* v. *Great Lakes Steel Corp., ante,* 591, the mentioned statutory provision is construed and it is unnecessary to restate what we have there said.

At the time plaintiff was injured his average weekly wage was $27. At the time of the hearing, now under review, his average weekly wage was $17.40. The weekly compensation of $6, awarded, "when added to his wage earning capacity after the injury in the same * * * employment," does "not

exceed his average weekly earnings at the time of such injury." Plaintiff's injuries now materially lessen his earning capacity as a millwright. That he cannot now perform the full duties of a millwright is conceded. Wages of millwrights may be less now than in 1928, but the statute, in designating the wage at the time of injury and constituting such the basic figure, permits no consideration of a general wage decrease.

The award, added to plaintiff's wage earnings now, does not exceed his weekly wage earnings at the time of his injury and is affirmed, with costs to plaintiff.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.