## SWEET v. EDDY PAPER CORP.

1. WORKMEN'S COMPENSATION—FINDING OF FACT BY DEPARTMENT—CHANGE OF PHYSICAL CONDITION.
   Finding of fact by department of labor and industry that an injured employee's physical condition had changed for the worse is conclusive on appeal (2 Comp. Laws 1929, § 8451).

2. SAME—FINDING OF FACT—RETROACTIVE AWARD.
   A retroactive award by the department of labor and industry based upon a finding of fact that an injured employee's condition had changed for the worse is proper (2 Comp. Laws 1929, § 8451).

3. SAME—MODIFICATION OF AWARD—PREVAILING WAGE SCALE.
   Modification of rate of compensation in an award of workmen's compensation so as to correspond with the then prevailing wage scale is improper.

4. SAME—SETTLEMENT AGREEMENT—APPROVAL.

A settlement agreement as to workmen's compensation when approved by the department of labor and industry becomes, in effect, an award by the department.

5. SAME—APPROVED SETTLEMENT AGREEMENT—JURISDICTION OF DEPARTMENT.

An approved settlement agreement having the force of an award, the department of labor and industry would be without jurisdiction to modify the rate of compensation thereafter except upon proof of a change of physical condition.

6. SAME—AWARD—JURISDICTION.

An award of workmen's compensation by the department of labor and industry made where department is without jurisdiction is void.

7. SAME—TOTAL DISABILITY—SECOND AWARD—QUESTIONS REVIEWABLE.

After agreement had been entered into and approved by department of labor and industry in 1931 whereunder injured employee was to receive workmen's compensation for total disability and department reduced compensation in 1932 asserting plaintiff was still totally disabled, and an award in 1941 for total disability retroactive to January, 1933, was entered, no determination is made as to whether or not second award was in fact for partial disability.

8. SAME—ADDITIONAL COMPENSATION—LIMITATION OF ACTIONS ON RETROACTIVE AWARD.

Award of additional compensation, made in 1941 retroactive to 1933, is limited to commence at beginning of six-year period prior to date of filing of petition therefor.

BOYLES and SHARPE, JJ., dissenting in part.

Appeal from Department of Labor and Industry. Submitted June 2, 1942. (Docket No. 12, Calendar No. 41,892.) Decided November 24, 1942.

Ray Sweet presented his claim against Eddy Paper Corporation, employer, and Michigan Mutual Liability Company, insurer, for compensation for injuries sustained while in defendant's employ. On petition for further compensation. Award to plaintiff. Defendants appeal. Modified and remanded for entry of an award.

*Roy Wade* and *Harry C. Howard,* for plaintiff.

*L. J. Carey* and *Geo. J. Cooper,* for defendants.

Bushnell, J.  Plaintiff Ray Sweet, then in the employ of defendant Eddy Paper Corporation, was injured in the course of his employment on August 17, 1931.  An agreement was entered into based upon his then average weekly wage of $28.62, whereby he was to receive $18 per week as compensation for total disability, and this agreement was approved by the department of labor and industry. Compensation was paid at the rate of $18 per week until August 28, 1932, when, after a petition was filed by defendant to stop or reduce compensation, the rate was reduced to $11.52 per week.  The award entered at that time by the deputy commissioner reads:

"said deputy commissioner   *   *   *   doth find, determine and adjudge that said plaintiff   *   *   * is entitled to receive and recover compensation from said defendant Eddy Paper Corporation and the Michigan Mutual Liability Company in the sum of $11.52 a week for a period of *total disability* from the 28th day of August, 1932."

No appeal was taken from this award.  Prior to the expiration of the 500 weeks within which plaintiff might seek further compensation on a basis of changed condition, he instituted proceedings on January 27, 1941, in which he sought further compensation claiming total disability since August 28, 1932.  This petition was denied by the deputy commissioner and plaintiff appealed to the department.

It was argued then, as it is argued now, that plaintiff was bound by the unappealed award which reduced his payments for *total disability* to $11.52 per

week. The department held, however, that the medical testimony produced by plaintiff established that plaintiff had been totally disabled, without any earning capacity whatever, since at least January, 1933, and stated that, in its opinion, the deputy commissioner "erroneously reduced plaintiff's compensation from $18 to $11.52 per week in August, 1932."

In discussing the former award of the deputy, the department stated:

"The words 'total disability' as used in that award are meaningless. As the approved agreement had previously determined that plaintiff was entitled to $18 per week for total disability, the award of compensation at the rate of $11.52 per week could only have been based on a finding of partial disability. That award was an adjudication that plaintiff was partially disabled."

The department also said that "medical testimony not only discloses that plaintiff's physical condition has changed for the worse since January, 1933, but further that since that date he has been totally disabled without any earning capacity whatsoever. Both of these conditions have developed since the unappealed award of the deputy commissioner finding that plaintiff was partially disabled. We find that plaintiff since January 1, 1933, has been totally disabled."

The finding of fact that plaintiff's physical condition had changed for the worse is conclusive. 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186). A retroactive award based upon such a finding is proper. *Ledward* v. *Public Welfare Board of Flint,* 298 Mich. 351.

Defendants contend, however, that the unappealed award of August 28, 1932, was for total disability and is *res judicata.* Some evidence was produced by defendants in support of their contention that

the rate of compensation was lowered in the award of 1932 to make that award correspond with the then prevailing wage scale and was not based on a finding of partial disability. The modification of the rate of compensation on such a ground was improper. *Roxbury* v. *Weidman Lumber Co.*, 268 Mich. 596. Defendants nevertheless contend that the unappealed 1932 award is final and binding and cannot be reopened by the department, and that the remedy, if any, is in a court of equity. Defendants cite authorities which, in general, support the contention that an unappealed award is final and binding.

Defendants' contention as to the finality of an unappealed award proves too much. When the 1931 settlement agreement was approved by the department it became, in effect, an award by the department. *Richards* v. *Rogers Boiler & Burner Co.*, 252 Mich. 52; *Glavin* v. *Michigan State Highway Dept.*, 269 Mich. 672; and *Roe* v. *Daily Record*, 273 Mich. 5. The approved agreement having the force of an award, defendants' arguments as to finality are equally applicable to that approved agreement. The agreement being final, the department was without jurisdiction to modify the rate of compensation by the 1932 award except upon proof of a change of physical condition.

Applying defendants' contention, both the approved agreement of 1931 and the 1932 award were for total disability; and since, according to defendants, there was no change in plaintiff's physical condition, the department was wholly without jurisdiction when it entered the 1932 award. *Burley* v. *Central Paper Co.*, 221 Mich. 595; *Righi* v. *Robert Gage Coal Co.*, 269 Mich. 46. See, also, *Fawcett* v. *Department of Labor and Industry*, 282 Mich. 489. An award made where the department is without jurisdiction is void.

Plaintiff is the only party in position to complain that the department erred in holding that the award of 1932 was for partial rather than total disability. If the 1932 award was for partial disability, the present decision of the department is correct and should be affirmed. If the 1932 award was for total disability, it is void. In either case, the award of 1941 should be affirmed except as hereinafter stated.

In view of the foregoing, it is unnecessary for us to decide whether or not the 1932 award was in fact for partial disability.

Plaintiff's petition was filed January 27, 1941, and the award of the department of labor and industry orders payments "for total disability at the rate of $18 per week from January 1, 1933, until the end of the 500-week period," and "that defendants are entitled to a credit of $11.52 for each weekly payment made since January 1, 1933."

This award covers a period of more than six years prior to the date of the filing of the petition. See *Buzzn* v. *Muncey Cartage Co.*, 248 Mich. 64; *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220, and *Weaver* v. *Antrim Iron Co.*, 274 Mich. 493.

The award of the department should be limited to a period of six years prior to the date of the filing of the petition, viz., January 27, 1935, and, as so modified, the award is affirmed, with costs to appellee.

The cause is remanded to the department for the entry of an award in conformity with this opinion.

CHANDLER, C. J., and NORTH, STARR, and BUTZEL, JJ., concurred with BUSHNELL, J.

SHARPE, J. (*dissenting in part.*) I am not in accord with the opinion of Mr. Justice BUSHNELL. The agreement to pay compensation at the rate of $18

per week, approved by the department of labor and industry, was an adjudication that plaintiff was totally disabled.

When plaintiff's compensation was reduced to $11.52 per week, it was adjudicated that plaintiff was only partially disabled regardless of the fact that the order mentioned *total disability*.

It should be noted in the case at bar that plaintiff was injured August 17, 1931, and compensation was paid at the rate of $18 per week until August 28, 1932; that on November 10, 1932, an award was made finding that plaintiff was entitled to compensation at the rate of $11.52 per week from August 28, 1932; that compensation at the rate of $11.52 was paid until October 5, 1940; and that on January 27, 1941, plaintiff filed a petition for further compensation alleging total disability and asking for compensation benefits of $18 per week.

My Brother in his opinion states: "The award of the department should be limited to a period of six years prior to the date of the filing of the petition;" and cites *Buzzn* v. *Muncey Cartage Co.*, 248 Mich. 64, *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220, and *Weaver* v. *Antrim Iron Co.*, 274 Mich. 493, in support of such claim.

My Brother seeks to inject the general statute of limitations into 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188), and thereby reverse our holdings in a long line of cases. We have consistently adhered to the rule that where the department of labor and industry has acquired jurisdiction of a case, it retains jurisdiction to the end of the compensable period.

In *Jelusich* v. *Wisconsin Land & Lumber Co.*, 267 Mich. 313, 319, the rule was stated as follows:

"The statute does not provide any limitation for the making of claims for further compensation under 2 Comp. Laws 1929, § 8453. These may be made

whenever there has been a change in the physical condition of the plaintiff. *Harris* v. *Castile Mining Co.,* 222 Mich. 709; *Klum* v. *Lutes-Sinclair Co.,* 236 Mich. 100; *Austin* v. *Howard A. Davidson, Inc.,* 246 Mich. 599; *Kibbey* v. *L. O. Gordon Manfg. Co.,* 260 Mich. 531. The only restriction upon such claims is that compensation may not be granted for a period greater than 500 weeks after the injury.''

In *Giampa* v. *Chrysler Corporation,* 272 Mich. 327, we said:

''Defendant contends that compensation, if allowed, should commence on the filing of the petition for further compensation because of plaintiff's laches. The statute suggests no such defense. Delay may go to the good faith and integrity of the claim and properly may be considered by the department in connection with other evidence. See *Louwaert* v. *D. Graff & Sons,* 256 Mich. 387. But once the department takes jurisdiction of an injury it retains it to the end of the compensable period, to award such compensation as the statute allows and the facts warrant. *Jelusich* v. *Wisconsin Land & Lumber Co.,* 267 Mich. 313; *Rowe* v. *Consumers Power Co.,* 268 Mich. 162. Both extent and commencement of plaintiff's disability were questions of fact, not of jurisdiction.''

See, also, *Catino* v. *Morgan & Wright Co.,* 272 Mich. 154.

In *Rowe* v. *Consumers Power Company,* 268 Mich. 162, we said:

''All subsequent proceedings for compensation are administrative of, or incidental or supplemental to, the original award. The department has authority to review payments from time to time and the statute of limitations is not applicable to proceedings therefor.''

In *Gulec* v. *Chrysler Corp.* (on rehearing), 292 Mich. 711, we held that it was within the power of

the department to fix the period of plaintiff's total disability so long as the beginning of that period was subsequent to .its former adjudication.

In *Kiviniemi* v. *Quincy Mining Co.*, 286 Mich. 680, we said:

"The power to review payments ceased when plaintiff * * * received the maximum number of weekly payments mentioned in the statute whether it be for partial disability * * * or total disability."

See, also, *Willard* v. *Globe Housewrecking Co.*, 294 Mich. 42.

*Buzzn* v. *Muncey Cartage Co.*, *supra*, cited by Mr. Justice BUSHNELL, was a mandamus proceeding to vacate a judgment based on an award of the industrial accident board, now department of labor and industry. In that case an award was granted plaintiff in November, 1915, no payments were made on the award and nothing further was done until October, 1928, when the award was certified to the circuit court of Wayne county for judgment. We held that the general statute of limitations (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]) applies to *actions in court* to enforce an award of the department of labor and industry and plaintiff can recover only those instalments falling due within the statutory period before the institution of court action. The principle involved in the above case has no application to the facts in the case at bar.

In the *Hajduk Case*, *supra*, plaintiff was injured October 15, 1922. On May 5, 1933 (more than 10 years later), he filed a claim for compensation. We there held that the claim for compensation was not filed within a reasonable time; and that a reasonable time "by analogy to the statute of limitations will be deemed to be six years." In that case the juris-

diction of the department of labor and industry had not been invoked within the so-called "six-year period," while in the case at bar, the department of labor and industry had acquired jurisdiction of the cause.

In *Weaver* v. *Antrim Iron Co., supra,* also cited by Mr. Justice BUSHNELL, plaintiff had an award in June, 1928, of $12 per week for total disability. The parties entered into an agreement fixing the period of total disability at five months. A settlement receipt was signed and filed with the department of labor and industry, but never approved. On August 1, 1933, plaintiff filed a petition for further compensation. Subsequently, plaintiff filed an application for "review of weekly payments." The department approved the award of its deputy allowing plaintiff compensation of $12 per week for "permanent total disability" from June 21, 1928. Upon appeal, we said: "If the settlement is not approved, the original award stands in full force, subject to the power of the department to review payments. * * * The amount thus found would be a sum for which the employee would be entitled to a certificate for judgment." (See 2 Comp. Laws 1929, § 8452 [Stat. Ann. § 17.187].) What was said about the statute of limitations in that case related only to a certificate issued by the department of labor and industry upon which plaintiff would be compelled to resort to court action for enforcement. The holding in this case when properly interpreted does not violate the rule announcement in *Giampa* v. *Chrysler Corporation, supra.*

The rule is clear that the general statute of limitations may not be invoked to bar a review of payments. I cannot concur in reversing the well-established rule that "once the department takes ju-

risdiction of an injury it retains it to the end of the compensable period.'' In the case at bar, there is competent testimony to show that plaintiff has been totally disabled since January, 1933. This date is subsequent to the award for partial disability entered November 10, 1932.

The award should be affirmed, with costs to plaintiff.

Boyles, J. (*dissenting in part.*) Petitioner was injured August 17, 1931; was allowed compensation, which was paid (with a reduction in amount ordered from August 28, 1932) to October 5, 1940. The 500-week period beyond which compensation could not be allowed expired March 17, 1941. On January 27, 1941, plaintiff filed a petition for further compensation alleging total disability since 1932. I agree with Mr. Justice Sharpe that the department had jurisdiction to hear this petition. It was filed within the 500-week period. See cases referred to in the dissenting opinion by Mr. Justice Sharpe.

The hearing on the petition was held by the deputy commissioner on May 6, 1941—after the 500-week period had expired. On appeal, an order was entered by the department on November 19, 1941, allowing plaintiff further compensation for total disability *from January 1, 1933,* until the end of the 500-week period. This covered a period of eight years and three months, obviously in excess of six years previous to the date of filing the petition. I agree with Mr. Justice Bushnell that the statute of limitations applies. The order should limit the award of compensation to a period beginning not earlier than January 27, 1935, six years previous to the date of filing the petition. Plaintiff can be awarded further compensation only from or subsequent to January 27, 1935, and not from January 1,

1933. Presumably the award in this case might be for a six-year period previous to the time when the 500-week period ended. The award should not be for more than a six-year period in any event, because no part of it has been paid, and in any suit to collect the award the defense of the statute of limitations would be open to defendants as to any payments maturing more than six years previous to the date of filing the petition. *Buzzn* v. *Muncey Cartage Co.*, 248 Mich. 64; *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220; *Weaver* v. *Antrim Iron Co.*, 274 Mich. 493. Any language used by this court in previous opinions to the effect that the general statute of limitations does not apply to awards of compensation by the department (*e. g.*, *Jelusich* v. *Wisconsin Land & Lumber Co.*, 267 Mich. 313) has already been overruled. See cases cited by Mr. Justice BUSHNELL.

The case should be remanded to the department for the entry of an award for not to exceed six years.

WIEST, J., did not sit.