METZEN *v.* DEPARTMENT OF REVENUE.

1. TAXATION—RETAIL SALES TAX—DEFINITION.
    The sales tax is not a property tax but a privilege tax imposed upon the privilege of making retail sales, measured by the gross proceeds of such sales, less deductions allowed by statute (Act No. 167, Pub. Acts 1933, as amended).

2. STATUTES—TAXATION—CONSTRUCTION.
    Statutes levying taxes are not extended by implication beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out, and in case of doubt are construed most strongly against the government and in favor of the citizen.

3. ACTION—STATUTES—LIMITATION OF ACTIONS.
    While a cause of action created by statute is subject to the statutory conditions, including the period of limitations, where act creating such cause contains no such limitation, the general statute of limitations applies (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941).

4. TAXATION—SALES TAX—LIMITATION OF ACTIONS.
    The trial judge properly limited recovery of sales tax by taxpayer to period within 6 years prior to institution of action, since the sales tax act contains no period of limitation but expressly directs that such action be conducted in accordance with the statutes and rules of procedure concerning actions at law (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941; Act No. 167, § 22, Pub. Acts 1933).

5. SAME—SALES TAX—REFUNDS.
    Sales taxes to which a taxpayer is entitled to refund are payable from the general fund of the State upon order of the department of revenue and the warrant of the auditor general (Act No. 167, § 22, Pub. Acts 1933; Act No. 122, § 13, Pub. Acts 1941).

6. SAME—SALES TAX—VOLUNTARY PAYMENT—ACTION TO RECOVER REFUNDS.

The question of whether or not sales taxes were voluntarily or involuntarily paid is not decided where judicial approval is given to the procedure followed under the sales tax act enabling a taxpayer to litigate the matter of recovery of taxes paid (Act No. 167, § 22, Pub. Acts 1933).

7. SAME—TRANSIT-MIXED CONCRETE—REFUND OF SALES TAX—LIMITATION OF ACTIONS—AMENDMENT OF SALES TAX ACT.

Where decision of court was that taxpayer was not subject to sales tax for transit-mixed concrete under the general sales tax act as it then stood, the taxpayer was entitled to recover excess taxes paid therefor within 6 years from time action was commenced, but such right is limited to the effective date of amendment of the sales tax act under which a subsequent decision of this court has said such material would be taxable (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941; Act No. 167, Pub. Acts 1933, as amended by Act No. 313, Pub. Acts 1939).

8. COURTS—OVERRULING OF DECISION—LAW OF THE CASE.

The effect of overruling a decision and refusing to abide by the precedent there laid down is retrospective and makes the law at the time of the overruled decision as it is declared to be in the last decision, except in so far as the construction last given would impair the obligations of contracts entered into or injuriously affect vested rights acquired in reliance on the earlier decision as the overruled decision remains the law of the case with respect to the particular case in which it was rendered.

9. COSTS—APPEAL AND ERROR—SALES TAXES.

No costs are allowed on appeal in action to recover sales taxes where neither party has prevailed (Act No. 167, Pub. Acts 1933, as amended).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 12, 1944. (Docket No. 56, Calendar No. 42,783.) Decided February 20, 1945.

Assumpsit by E. B. Metzen against Department of Revenue of the State of Michigan and its commissioner to recover amount of sales tax paid on

transit-mixed concrete. Judgment for plaintiff. Defendant appeals. Affirmed in part, reversed in part, and remanded for entry of new judgment.

*Arthur T. Iverson,* for plaintiff.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *T. Carl Holbrook* and *Daniel J. O'Hara,* Assistants Attorney General, for the people.

BUSHNELL, J. Following the decision in *Metzen* v. *State Board of Tax Administration,* 301 Mich. 532, E. B. Metzen, plaintiff there and plaintiff here, seasonably made a demand on defendant department of revenue of the State of Michigan for a refund of sales tax paid in the sum of $27,780.62, plus interest, being the tax collected upon his transit-mixed concrete from March 24, 1934, to April 30, 1942. This request was denied by defendant commissioner of revenue on February 23, 1943, and on March 4, 1943, plaintiff commenced an action for its recovery in the circuit court for the county of Wayne.

A jury having been waived, the trial judge, after taking testimony, determined that the taxes in question were involuntarily paid, but that because of the general statute of limitations (3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Acts 1941 [Comp. Laws Supp. 1943, § 13976, Stat. Ann. 1944 Cum. Supp. § 27.605]), plaintiff was precluded from recovering any sums paid by him prior to March 4, 1937, that being six years before the institution of his suit. The trial judge also held that our decision in *R. C. Mahon Co.* v. *Department of Revenue,* 306 Mich. 660, in no way affected the situation, because:

"All taxes involved in the case at bar were paid prior to the decision therein and were held to have

been improperly collected by defendant by the decision of *Metzen* v. *State Board of Tax Administration, supra.*"

A judgment was entered in favor of plaintiff in the sum of $23,114.93, which included interest on the claim at 4 per cent. From this judgment defendants have appealed.

The operations of plaintiff's business were fully detailed in *Metzen* v. *State Board of Tax Administration, supra,* and those facts need not be repeated here. Defendants contend that the general sales tax act, Act No. 167, Pub. Acts 1933, as amended (see Comp. Laws Supp. 1940, § 3663–1 *et seq.,* Stat. Ann. and Stat. Ann. 1938 Cum. Supp. § 7.521 *et seq.*), neither authorizes the refund of taxes voluntarily paid nor an action against the State to recover such taxes; that a substantial portion of plaintiff's claim was rightfully barred under the general statute of limitations, and that the court erred in permitting recovery of taxes paid after September 29, 1939, the effective date of the 1939 amendment to the act.

Metzen in a cross appeal contends that the general statute of limitations does not bar recovery of taxes paid by him from March 1, 1934, to March 4, 1937, and that the decision in *R. C. Mahon* v. *Department of Revenue, supra,* does not bar recovery of taxes paid from September 29, 1939, to April 30, 1942.

The court divided in *Metzen* v. *State Board of Tax Administration, supra,* the majority holding that the facts could not be distinguished from those in *Acorn Iron Works, Inc.,* v. *State Board of Tax Administration,* 295 Mich. 143 (139 A. L. R. 368), and that:

"The transit-mixed concrete involved in plaintiff's operations when poured in place ceased to be

personal property and became a part of the realty, and is, therefore, not subject to the tax and is not affected by the amendment. See Act No. 167, Pub. Acts 1933, as subsequently amended by Act No. 313, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3663–1, Stat. Ann. 1940 Cum. Supp. § 7.521)."

Mr. Justice NORTH, who signed the minority opinion in the *Metzen Case,* wrote the opinion of the court in both the *Mahon* and *Acorn Cases.* He pointed out in the *Mahon* opinion that the legislature in 1939, by Act No. 313, changed the law which was applied in the *Acorn Case,* so that, after the amendment thereto, the transfer for consideration of the ownership of "tangible personal property permanently affixed and becoming a structural part of real estate" imposed a tax liability upon the transferror. When the *Mahon Case* was considered the court was mindful of the majority opinion in the *Metzen Case* and determined that its conclusion had been erroneous as to the effect of the 1939 amendment. The writer of the present opinion wrote for the majority in the *Metzen Case* and joined in the unanimous decision of the court in the *Mahon Case,* subscribing with others to the following statement as to the *Metzen Decision:*

"For clarity of result it should be noted that our conclusion herein does not follow *Metzen* v. *State Board of Tax Administration,* 301 Mich. 532, wherein it is stated the transaction or operation there involved 'is not affected by the (1939) amendment.'"

It therefore necessarily follows that the rule enunciated in the *Metzen Case,* as modified by the *Mahon Case,* must be applied to the instant case.

As noted in *Montgomery Ward & Co., Inc.,* v. *Fry,* 277 Mich. 260:

"The sales tax is not a property tax but a 'privilege tax imposed upon the privilege of making retail sales, measured by the gross proceeds of such sales, less deductions allowed by statute.' *C. F. Smith Co.* v. *Fitzgerald,* 270 Mich. 659, 686."

See, also, *Boyer-Campbell Co.* v. *Fry,* 271 Mich. 282 (98 A. L. R. 827).

Section 9 of the general sales tax act provides for refund of excess taxes paid, "if requested by the taxpayer" (Comp. Laws Supp. 1935, § 3663-9, Stat. Ann. § 7.530), and, in section 22, that any taxpayer "aggrieved by *any* decision of the board" may bring an "action in the circuit court in the county in which the business for the privilege of doing which the tax is levied is carried on, to recover the amount of the taxes alleged to have been unlawfully levied upon him." For adjudications concerning recovery of such taxes, see *Standard Oil Co.* v. *State of Michigan,* 283 Mich. 85, and *Star Steel Supply Co.* v. *State of Michigan,* 290 Mich. 378. In the former, the court quoted from *Gould* v. *Gould,* 245 U. S. 151 (62 L. Ed. 211, 38 Sup. Ct. 53), as follows:

" 'In the interpretation of statutes levying taxes, it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen.' "

An examination of the general sales tax act does not disclose any limitation on actions for recovery. On the contrary, section 22 states that:

"Such action shall be conducted in accordance with the statutes and rules of procedure concerning

actions at law." Act No. 167, § 22, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 3663–22, Stat. Ann. § 7.543).

We recognize the rule that where a "cause of action is created by statute the statutory conditions, including the period of limitation, must be complied with." *Bigelow* v. *Otis,* 267 Mich. 409, 412. There being no limitation in the act, the general statute of limitations, 3 Comp. Laws 1929, § 13976, as amended by Act No. 72, Pub. Act 1941 (Comp. Laws Supp. 1943, § 13976, Stat. Ann. 1944 Cum. Supp. § 27.605), is applicable, and the trial judge correctly denied recovery of any taxes paid by Metzen prior to March 4, 1937, that being six years prior to the institution of his suit on March 4, 1943.

Defendants argue that the act does not authorize refund from the general fund. The act, however, in section 22 specifically provides:

"In the event any taxpayer is found entitled to recover any sums paid pursuant to the orders of the board as hereinbefore provided, such sums shall be paid from the general fund of the State on order of the board* and warrant of the auditor general." Act No. 167, § 22, Pub. Acts 1933 (Comp. Laws. Supp. 1940, § 3663–22, Stat. Ann. § 7.543).

Defendants contend that plaintiff is not entitled to a refund of taxes voluntarily paid over a long period of time. The court said in the *Star Steel Supply Company Case* that the purpose of section 22 of the act "manifestly, was to prevent interruption of the revenue of the State by delay caused by litigation." In view of judicial approval of the

---

* The board here referred to is the State board of tax administration whose powers and duties have been transferred to the department of revenue. See Act No. 122, § 13, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 3695–13, Stat. Ann. 1944 Cum. Supp. § 7.657[13]). —Reporter.

procedure followed under the statute, we do not deem it necessary to discuss whether plaintiff voluntarily or involuntarily paid the tax in question. It is sufficient that he has the statutory right to litigate the matter.

Having held in the *Metzen Case* that the transit-mixed concrete sold by defendant was not subject to tax, Metzen was entitled, within the period not barred by the statute of limitations, to a refund of excess taxes paid under the law as it stood prior to amendment by Act No. 313, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 3663–4, subd. b, § 3663–4a, Stat. Ann. 1944 Cum. Supp. § 7.524, subd. b, § 7.525). However, because of the partial overruling of the *Metzen Case* by the *Mahon Case,* plaintiff cannot recover taxes paid subsequent to the effective date of that amendment, *i.e.,* September 29, 1939.

As quoted with approval in *Donohue* v. *Russell,* 264 Mich. 217:

" 'The effect of overruling a decision and refusing to abide by the precedent there laid down is retrospective and makes the law at the time of the overruled decision as it is declared to be in the last decision, except in so far as the construction last given would impair the obligations of contracts entered into or injuriously affect vested rights acquired in reliance on the earlier decisions. * * * The overruled decision remains the law of the case with respect to the particular case in which it was rendered.' 15 C. J. p. 960, § 358."

The judgment entered in the circuit court must be set aside and the cause remanded for the entry of a new judgment in the amount of sales tax paid by plaintiff, with interest at 4 per cent., during the period beginning March 4, 1937, and ending September 29, 1939, that being the effective date of the

1939 amendment. It is so ordered but without costs, neither party having prevailed.

STARR, C. J., and NORTH, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.