## MARTIN *v.* WHITE PINE COPPER COMPANY.

### OPINION OF THE COURT.

1. WORKMEN'S COMPENSATION—NOTICE TO DEPARTMENT—DISPUTED CLAIM.

   An employer is required to notify the department of dependent's potential claim, where the union committeeman requested an investigation of employee's death on the assumption that it was work-connected, and the employer's supervisor was of the contrary opinion, as the right of the decedent's dependent to compensation was in dispute (1954 AC, § R 408.3).

2. SAME—NOTICE TO DEPARTMENT—DISPUTED CLAIM.

   Purpose of rule directing insurance carriers and self-insured employers to notify workmen's compensation department within 14 days after receiving notice of injury that the right of the injured or dependent to compensation is disputed, is to enable the department to advise the employee or dependent of the fact that the employer has denied statutory liability and also to inform said party of his right to have a hearing to determine the issue of liability (1954 AC, § R 408.3; 1959 AACS, § R 408.33).

3. SAME—NOTICE TO DEPARTMENT—PENALTY FOR FAILURE TO GIVE NOTICE—DISPUTED CLAIM.

   The penalty, or sanction, for failure of an employer to notify the workmen's compensation department of an industrial injury or death as required by the workmen's compensation act, is that the statute of limitations contained in the act shall

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]   58 Am Jur, Workmen's Compensation § 326.
[3, 8]   58 Am Jur, Workmen's Compensation § 409 *et seq.*
[4]   20 Am Jur 2d, Courts §§ 233–235.
[5]   58 Am Jur, Workmen's Compensation § 530.
[6]   58 Am Jur, Workmen's Compensation § 196.
[7]   58 Am Jur, Workmen's Compensation § 281 *et seq.*
[9]   58 Am Jur, Workmen's Compensation § 410.

not run against the claim of the injured employee or his
dependents until such notice is given (1954 AC, § 408.3; 1959
AACS, § R 408.33).

4. COURTS—OVERRULING OF PRECEDENT—RETROSPECTIVE EFFECT.
     Generally, the decision of the Supreme Court overruling a former
     decision is retrospective in its operation, and such construction
     is followed unless it would impair the obligation of contracts
     or affected vested rights.

5. WORKMEN'S COMPENSATION—FINDING OF FACT OF THE APPEAL
   BOARD—BINDING ON APPEAL.
     Finding of fact by workmen's compensation appeal board that
     plaintiff's decedent "came to his death from a coronary seizure
     precipitated by the work being done by him at the time", is
     binding upon the Supreme Court, absent fraud (CL 1948, § 413-
     .12).

6. SAME—NATURE OF INJURY—FORTUITOUS EVENT TEST.
     The discredited *fortuitous event* definition of an accident has no
     application where the appeal board found that deceased had
     "sustained a [fatal] injury arising out of and in the course
     of his employment", and hence does not bar recovery as a
     matter of law.

7. SAME—LIMITATION ON PAYMENTS.
     Order of appeal board barring compensation payments to plain-
     tiff which would have been payable had earlier claim been
     made to the extent the benefits are for periods of disablement
     prior to 6 years from the date the claim was filed *held*, error,
     where Supreme Court has overruled *Sweet* v. *Eddy Paper Corp.*,
     303 Mich 492, the authority for such limitation of benefits.

SEPARATE OPINION.
BLACK, J.

8. WORKMEN'S COMPENSATION—DEATH—DELAYED CLAIM.
     *Award to widow for death of employee found by workmen's com-*
     *pensation appeal board to have died from coronary seizure*
     *precipitated by work being done at the time, the lifting of*
     *65-pound copper ingots, is affirmed notwithstanding claim was*
     *presented nearly 7 years after death, where employer had not*
     *filed a report of the death which it knew was disputed (CL*
     *1948, § 412.15; 1954 AC, § R 408.3).*

9. Workmen's Compensation—Death—Delayed Claim.
*Award of compensation to plaintiff for death of her husband who died on the job while lifting heavy copper ingots should be reversed, where claim was not made until more than 6 years after his death, since the claim was not timely filed.*

Appeal from Workmen's Compensation Appeal Board. Submitted December 8, 1965. (Calendar No. 21, Docket No. 51,124.) Decided June 8, 1966.

Alice O. Martin presented her claim for compensation against White Pine Copper Company for the accidental death of her husband in defendant's employ. The appeal board awarded compensation limited to 450 weeks. Defendant appeals and plaintiff cross-appeals. Affirmed as to award and reversed as to limit of award.

*Wisti & Jaaskelainen* (*Gordon J. Jaaskelainen,* of counsel), for plaintiff.

*Humphrey & Weis* (*Charles M. Humphrey,* of counsel) for defendant.

Smith, J. This appeal arises out of a late-filed claim for compensation made by the widow and children of a worker who suffered a heart attack on the job and died immediately thereafter. The claim was filed with the workmen's compensation department on June 4, 1963, although the death upon which the claim was based occurred some seven years earlier, that is, July 2, 1956. The hearing referee granted defendant's motion to dismiss on grounds that the widow's claim was barred by a six-year period of limitation derived from a prior

decision of this Court. The appeal board reversed the referee and we granted leave to appeal.

The essential facts are that the deceased workman was, at the time he was fatally stricken, lifting and stacking copper ingots weighing approximately 65 pounds each. The day was warm and the job pace was steady if not slightly accelerated. Suddenly, the deceased fell to the floor in faint. He never regained consciousness and was declared dead on arrival at the hospital. The medical diagnosis was that he died of coronary thrombosis.

The testimony showed that about a week earlier, on June 26, 1956, the deceased, Mr. Martin, had gone to his physician's office for examination, complaining that he was "short-winded" and "couldn't breathe." Upon questioning, the doctor elicited that Mr. Martin also had "pain in his chest." The doctor concluded that Martin had a dilated heart and sent him to a hospital for other tests designed to rule out other ailments associated with chest pains. This was accomplished, and the doctor then diagnosed his condition as arteriosclerotic heart disease. The doctor says that he advised Martin against returning to work but Martin's reply was that he could not afford to take time off from work because he had a family to support. He was, thereupon, discharged from the hospital by his physician. He returned to work. On the day of his death, about a week later, he was scheduled to return to the physician's office for a review of the results of various medical tests. His appointment had been set for the late afternoon of July 2d, but he died on the job in the middle of the day.

After Mr. Martin's death, other events transpired which are significant to this review. On the day of Martin's death, a company supervisor filed a report with defendant company which summarized the facts surrounding the death. The report concluded

that the death of Martin was "not an industrial accident." However, on the following day a union committeeman informed defendant company that he was "requesting an investigation into the death of Ivan Martin on the assumption that the condition causing death did not exist at the time of hire and the cause of death may be industrial in origin." Despite this obvious difference of opinion between management and the union as to the cause of Martin's death, defendant company never notified the workmen's compensation department of the death whose cause was in dispute.

The appeal board found and concluded as follows:

1. That in view of substantial changes in the workmen's compensation law since this Court's decision in *Hajduk* v. *Revere Copper & Brass, Inc.* (1934), 268 Mich 220, which invoked, by analogy, a six-year limitational period on the filing of claims, the *Hajduk* decision should not be followed.

2. That the proofs (taken by the hearing referee) "compel the conclusion that the late Mr. Martin came to his death from a coronary seizure *precipitated by the work being done by him at the time.*" (Emphasis supplied.)

3. That defendant employer was "put on notice at once" that Martin "had sustained a fatal compensable injury" and that, therefore, the employer was obligated "under rule 3" of the workmen's compensation department to notify the department within 14 days after notice or knowledge of the injury or death.

4. That failure to notify the department tolled the running of the six-year limitation period.

5. That compensation payments should not, however, be computed from the date of death, July 2, 1956, but from June 5, 1957, "being six years pre-

vious to the date of filing of the petition [claim]",
citing *Sweet* v. *Eddy Paper Co.*, 303 Mich 492.

Defendant employer appeals from the decision of
the appeal board and plaintiff cross-appeals only
from that part of the decision which limits com-
pensation to six years back from the date the claim
was filed in 1963.

Defendant argues on appeal first that the claim
is barred by a six-year limitation imposed by the
decision in *Hajduk* v. *Revere Copper & Brass, Inc.,*
*supra.* The second argument is that rule 3 of the
workmen's compensation department is not ap-
plicable to the facts in this case. Plaintiff argues the
contrary and adds, by way of cross-appeal, that the
appeal board erred in limiting compensation to a
period six years prior to the date of filing of the
claim.

The defendant-employer was required to notify
the workmen's compensation department of the
death where its cause was in dispute. The mandate
is contained in department Rule III (sometimes re-
ferred to as rule 3) which was adopted pursuant to
statutory authority. The rule in effect at the time
of Martin's death was adopted in accordance with
the authority of PA 1947, No 357, and became ef-
fective in October 1947[1] (1954 AC, § R 408.3):

"Insurance carriers and self-insured employers
must notify the commission on form 107 on or be-
fore the 14th day after the employer has notice
or knowledge of the alleged injury or death *in all
cases where the right of the injured or dependent
to compensation is disputed.* If subsequently com-
pensation is paid, report same on form 101." (Em-
phasis supplied.)

---

[1] Rule 3 which was in effect when Ivan Martin died on the job
is the antecedent of present rule, 1959 AACS, § R 408.33.

Here, unquestionably, under the circumstances presented, where the union committeeman requested an investigation of Martin's death on the assumption that it was work-connected and the company's supervisor was of contrary opinion, the cause was in dispute, and, therefore, the employer was required by Rule 3 to notify the department. We are in agreement with the appeal board that "The self-evident purpose of rule 3, directing insurance carriers and self-insured employers to notify the department within 14 days after receiving notice of injury that the right of the injured or dependent to compensation is disputed, is to enable the department to advise the employee or dependent of the fact that the employer has denied statutory liability and also to inform said party of his/her right to have a hearing to determine the issue of liability."

The sanction for failure to notify the department of such injury or death is provided in the act itself. The workmen's compensation law, section 15, part 2, requires "That in all cases in which the employer has been given notice of the happening of the injury, or has notice or knowledge of the happening of said accident within 3 months after the happening of the same, and fails, neglects or refuses to report said injury to the compensation commission as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of either said employer or his insurer, until a report of said injury shall have been filed with the compensation commission." CL 1948, § 412.15 (Stat Ann 1960 Rev § 17.165). As applied to the facts in this case, we construe the failure to notify the department as required by rule 3 adopted pursuant to statutory authority, as tolling the statute of limitations contained in the act itself. This, of course, leads directly to mention of *Hajduk* v. *Revere Cop-*

*per & Brass, Inc.*, *supra*, which judicially imposed, by analogy, a six-year limitation period on claims, over and above limitations contained in the act.

In *Hajduk*, although the employee had given timely notice to his employer of his injury, the employer failed to report the injury to the workmen's compensation department's predecessor agency. Some 10 years after the injury, in 1933, the employee filed his claim and this Court on review invoked a six-year period of limitation barring the claim. However, in the recent decision of this Court in *Autio v. Proksch Construction Company*, 377 Mich 517, the *Hajduk Case* was overruled. *Autio* overruled *Hajduk* and cases relying thereupon (pp 526, 527) "insofar as they stand for the proposition that compensation claims not otherwise barred by the provisions of our workmen's compensation law are barred if not filed within six years of the date of injury or disablement or for the proposition that benefits which otherwise would have been payable had earlier claim been made are barred to the extent the benefits are for periods of disablement prior to six years from the date claim therefor was filed."

By proper application of *Autio* in this case, it is clear that Mrs. Martin was not barred from filing the claim. To restate, defendant employer had a duty to notify the department of the death of which it had knowledge. Failure to notify tolls the statute of limitation contained in the act. The statute remains tolled until notification is given. There is no claim here that notification was ever given the department. Therefore, the statute was still tolled when the claim herein was filed, there being no judicially imposed six-year limitation by retrospective overrulement of *Hajduk* in *Autio*. Generally, overruling a decision is retrospective and such construction is followed unless it would impair the obligation of contract or affect vested rights. *Donohue*

v. *Russell,* 264 Mich 217, *Metzen* v. *Department of Revenue,* 310 Mich 622, *Gentzler* v. *Constantine Village Clerk,* 320 Mich 394, *Park* v. *Employment Security Commission,* 355 Mich 103.

Having thus decided that the claim in this case was timely filed, the question then remains as to whether Mr. Martin's death was shown to be compensable. The appeal board found, as a fact, that Martin "came to his death from a coronary seizure precipitated by the work being done by him at the time." It needs no citation that such finding, in the absence of fraud, is conclusive.[2]

The appeal board concluded therefrom, citing *Sheppard* v. *Michigan National Bank,* 348 Mich 577, and *Coombe* v. *Penegor,* 348 Mich 635, that the deceased "sustained an injury [fatal] arising out of and in the course of his employment on July 2, 1956." But, says defendant-appellant, *Sheppard* and *Coombe* are not applicable because these cases were decided in June, 1957, whereas Mr. Martin's death occurred about a year earlier, in July, 1956. In *Sheppard,* although the injury occurred in 1953, and the case was submitted to this Court on June 13, 1956, it is correct that decision was not reached until June, 1957, apparently due to the gravity of the matter in which there were sharp differences of opinion. In any event, the decisions in *Sheppard* and *Coombe* were applicable to the instant case, based upon the principle of retrospectivity to which citation has already been made.

Defendant herein suggests the application of a pre-*Sheppard* test which inferentially would encompass the now-discredited "fortuitous event" definition of accident. Defendant says, in connection therewith, that "The record in this case is barren of any facts surrounding the employee's death, in-

---

[2] See CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).—REPORTER.

dicating that there was anything accidental about an 'injury' or that anything occurred other than his usual routine employment." This is the entire argument on the point and is not persuasive. Although *Sheppard* and *Coombe* were sharply divided with respect to the reasons advanced by various participating justices, the results were not in doubt. The vote in both cases was 5–2 in favor of compensation. One justice did not participate. In *Sheppard*, an office-machine operator who suffered a back injury as she took a 25-pound tray of cards from a file was held to have been properly awarded compensation. In *Coombe*, a logger who suffered a brain hemorrhage while tightening a binder chain around a load of logs was held entitled to compensation. In both *Sheppard* and *Coombe*, the injuries were found to have arisen out of and in the course of employment. In the instant case, we think the situation is substantially comparable, hence there is no barrier, as a matter of law, to plaintiff's recovery.

Finally, on cross-appeal, plaintiff objects to the appeal board order limiting compensation payments to six years prior to the date of the claim. This point is clearly covered in *Autio* in the quotation from the *Autio* opinion cited above. *Hajduk* and cases relying thereupon which stand for the proposition, among other things (p 527), "that benefits which otherwise would have been payable had earlier claim been made are barred to the extent the benefits are for periods of disablement prior to six years from the date claim therefor was filed" were overruled by *Autio*. To the extent that *Sweet* v. *Eddy Paper Corp.* (1942), 303 Mich 492, relied upon by the appeal board, was thus in conflict with *Autio*, it was overruled. Applied here, it means that the appeal board was in error in so limiting compensation benefits and, therefore, as to that portion of the

order it is reversed.   Otherwise, the order is affirmed.   Costs to appellee.

T. M. Kavanagh, C. J., and Souris, O'Hara, and Adams, JJ., concurred with Smith, J.

Black, J. (*concurring in result*).   A majority of the Court having voted (*Autio v. Proksch Construction Co.,* 377 Mich 517) to overrule with wholly retroactive effect the six-year limitational rule found in *Hajduk* v. *Revere Copper & Brass, Inc.,* 268 Mich 220, and all cases following *Hajduk,* I concur in the result reached in the majority opinion of this case.

Dethmers, J. (*dissenting*).   For reasons stated in my opinion in *Autio v. Proksch Construction Company,* 377 Mich 517, 550, and in this Court's unanimous opinion in *Hajduk* v. *Revere Copper & Brass, Inc.,* 268 Mich 220, and majority opinion in *Ardelian* v. *Ford Motor Co.,* 272 Mich 117, I adhere to the view that compensation should be denied because the claim was not timely filed and the award for plaintiff should be reversed.

Kelly, J., concurred with Dethmers, J.