HUNT v GENERAL MOTORS CORPORATION

Docket No. 115211. Submitted April 18, 1990, at Detroit. Decided June 19, 1990. Leave to appeal applied for.

Leon Hunt, while employed by General Motors Corporation, submitted to his employer claims for sickness and accident benefits in February and April, 1979. After each claim, General Motors submitted to the Bureau of Workers' Disability Compensation form 107, notifying the bureau of an intent to dispute Hunt's right to workers' compensation benefits. General Motors did not submit to the bureau form 100, the form on which an employer was required to report any work-related injury sustained by an employee. On October 30, 1981, Hunt requested that the bureau conduct a hearing on his claims. A hearing referee found in favor of Hunt on one of his claims. On appeal to the Workers' Compensation Appeal Board, the board determined that Hunt was entitled to benefits on both claims. General Motors appealed by leave granted.

The Court of Appeals *held:*

At the time of Hunt's injuries, § 381(1) of the Workers' Disability Compensation Act, MCL 418.381(1); MSA 17.237(381) (1), provided in part that no proceedings for compensation for an injury could be maintained unless the claim for compensation had been made within six months of the occurrence of the injury. Section 381(1) also provided that the period of limitation was to be tolled in the case where an employer who had been notified, or had knowledge, of an injury to its employee failed to report the injury to the bureau, and that the period was to be tolled until a report of the injury was filed with the bureau. While § 381(1) was silent as to what form the notice had to take, the filing of either form 100 or 107 with the bureau constituted a report of the injury sufficient to meet the requirement of § 381(1) so as to prevent the tolling of the period of limitation. In this case, Hunt's request for a hearing on his claims was made more than six months after the dates of

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 399, 679.
See the Index to Annotations under Notice and Knowledge; Worker's Compensation.

injury, and General Motors' filing of forms 107 operated to prevent the tolling of the six-month period of limitation.

Reversed.

WORKERS' COMPENSATION — LIMITATION OF ACTIONS — TOLLING — NOTICE OF INJURY.

Under § 381(1) of the Workers' Disability Compensation Act, prior to amendments thereto currently effective, the period of limitation for initiating a proceeding on a claim for benefits was tolled when an employer who was notified, or had knowledge, of the injury failed to report the injury to the Bureau of Workers' Disability Compensation; the filing by an employer to the bureau of either a form 100, report of an injury, or a form 107, notice of intent to dispute a claim, was effective to prevent the tolling of the period of limitation (1969 PA 317, § 381[1]; 1979 AC, R 408.31[1], R 408.33).

*Goodman, Eden, Millender & Bedrosian* (by *Morton A. Eden*), for plaintiff.

*Evans, Nelson, Pletkovic & Hays, P.C.* (by *William Nole Evans*), and *Willard W. Wallace,* for defendant.

Before: DANHOF, C.J., and MURPHY and T. M. BURNS,* JJ.

PER CURIAM. Defendant appeals by leave granted a January 18, 1989, order of the Workers' Compensation Appeal Board, which affirmed and expanded the hearing referee's grant of partial disability benefits. We reverse.

Plaintiff began working for defendant in July, 1978. His job involved repeated lifting of seventy-pound automotive frame cross members to and from the assembly line. Plaintiff testified that he injured his back on September 6, 1978, when his foot broke through the platform on which he was standing as he reached for a cross member. Plain-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

tiff contends that he further injured his back when he slipped and fell on wet paint on the factory floor on September 22, 1978. Defendant's medical records show that plaintiff received first-aid treatment on both occasions.

In February, 1979, plaintiff was hospitalized for acute lumbar strain. After an extended sick leave, plaintiff temporarily returned to work in April, 1979, although he continued to complain of back pain. A short time later, he was again hospitalized primarily for chest pains, although he also complained about lower back pain. Plaintiff submitted claims for sickness and accident benefits in February and April, 1979. After each of these claims was filed, defendant submitted a form 107, Notice of Dispute, to the Bureau of Workers' Disability Compensation. According to the appeal board's written decision, these forms were received by the bureau on March 6, 1979, and on June 21, 1979.

Plaintiff returned to work in July, 1979, with a weight-lifting restriction. He was, at some point, transferred to a light assembly job in defendant's Plant No. 2, which allowed him to avoid repeated bending as well as heavy lifting. Plaintiff was laid off on November 30, 1979, and has not returned to work since that time.

Plaintiff filed a petition for hearing on October 30, 1981, seeking benefits for injuries to his back, left leg, heart and cardiovascular system. After a hearing on the matter, the referee found, among other things, that plaintiff was disabled due to his back injury, with injury dates of September 6 and 22, 1978, but found that plaintiff's heart problems were not work-related. Defendant appealed to the appeal board. The appeal board affirmed the decision of the hearing referee with modification, which included changing plaintiff's date of injury

to his last day worked. Defendant applied for leave to appeal to this Court, which was granted.

Defendant claims the appeal board erred in rejecting its argument that plaintiff's claim was barred by the statute of limitations. We agree. At the time of the injury, MCL 418.381(1); MSA 17.237(381)(1) provided:

> No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be either oral or in writing, has been made within 6 months after the occurrence of the same; or in case of the death of the employee, within 12 months after death; or in the event of his physical or mental incapacity, within the first 6 months during which the injured employee is not physically or mentally incapacitated from making a claim. In a case in which the employer has been given notice of the injury, or has notice or knowledge of the same within 3 months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within 6 months after the happening of the injury, but does develop and make itself apparent at some date subsequent to 6 months after the happening of the same, claim for compensation may be made within 3 months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within 3 years from the date the personal injury was sustained. Any time during which an injured employee shall be prevented by reason of his physical or mental incapacity from making a claim shall not be construed to be any part of the 6 months' limitation mentioned in this section. *In a case in which the employer has been given notice of the happening of the injury or has notice or knowledge of the*

*happening of the accident within 3 months after the happening of the same, and fails, neglects or refuses to report the injury to the bureau as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of the employer or his insurer, until a report of the injury has been filed with the bureau.* [Emphasis added.]

The statute is silent as to the form of notice which must be provided to the bureau in order to avoid the above statutory tolling provision. Two administrative rules address employer reporting requirements regarding injuries to the bureau. 1979 AC, R 408.31(1) requires employers to report injuries on standard form 100. 1979 AC, R 408.33 requires employers to notify the bureau of disputed claims on standard form 107. Defendant admits that it did not file a form 100 for plaintiff's injuries, but argues that its filing of the two form 107 notices constituted compliance with its obligation to report the alleged injuries to the bureau for purposes of the above statute. Plaintiff argues that form 100 must be filed before a form 107 can have any effect, that Rule 408.31 requires a form 100 to be filed reporting an injury and, therefore, defendant has failed to comply with the reporting requirements resulting in a tolling of the statute of limitations.

While the filing of a form 100 is typically used to trigger the application of the statute of limitations, see *Basalla v General Motors Corp,* 140 Mich App 246, 251; 363 NW2d 466 (1985), lv den 423 Mich 858 (1985), an employer can also report an injury for the purpose of beginning the statutory period of limitation by filing a form 107 notice of dispute, since such notice enables the bureau to advise the employee of his statutory rights, see

*Martin v White Pine Copper Co,* 378 Mich 37, 42-43; 142 NW2d. 681 (1966).[1] In *Martin,* the Court held that the employer's failure to report an employee's injury on a form 107 notice of dispute tolled the statute of limitations.

It could be argued that both forms 100 and 107 are required by the rules, and thus an employer's failure to file either form would toll the statute of limitations. However, we do not believe such an interpretation of MCL 418.381(1); MSA 17.237(381) (1) is reasonable. Rule 408.31(2) requires the employer to give a copy of a form 100 report to the employee, and Rule 408.33 provides that a copy of form 107 "shall be mailed or given to the injured employee." Thus, it appears that either rule provides for notice to the employee of the employer's actions. As noted in *Martin, supra,* p 43, the purpose of the form 107 reporting requirement is to enable the bureau to advise the injured employee of the fact that the employer has denied statutory liability and to inform him of the right to have a hearing to determine the issue of liability. This is consistent with the assertion in defendant's brief, not contested by plaintiff, that it is the custom and practice of the bureau to send correspondence to the employee advising him of the dispute, of his rights and the available process. Thus, either form 100 or 107 would serve the purpose of giving notice to the bureau and plaintiff as needed to protect plaintiff's rights. Therefore, we find that an employer's filing of either form 100 or 107 with the bureau constitutes a report of the injury sufficient to meet the requirement of MCL 418.381(1); MSA 17.237(381)(1) such as to prevent the tolling of the statute of limitations.

[1] While *Martin* was decided several years before the events in this case took place, similar administrative rules and a similar statutory requirement were in effect at that time. See 1954 AC, R 408.1 and 408.3, and *Martin, supra,* p 43, quoting 1948 CL 412.15.

Here, defendant filed form 107 notices of dispute with the bureau in March and June of 1979, in each case more than six months before plaintiff filed his petition for hearing in October, 1981. Thus, plaintiff's claim to compensation for his back injuries is barred by the statute of limitations.

Because of our disposition of the above matter, we need not address defendant's other issues.

Reversed.