SULLIVAN v DEPARTMENT OF CORRECTIONS

Docket No. 118064. Submitted May 15, 1990, at Marquette. Decided June 26, 1990. Leave to appeal applied for.

Linda M. Sullivan was employed by the Michigan Department of Corrections at the Kinross Correctional Facility until November 9, 1984. From November 9, 1984, to December 18, 1984, Sullivan was off from work and received sickness or disability benefits. On December 18, 1984, Sullivan resigned from her employment. On April 16, 1987, Sullivan filed a claim for workers' disability compensation benefits, claiming that she was partially disabled as a result of her employment with the Department of Corrections and that she had been unable to find comparable employment since her disability. The Department of Corrections argued that the claim for benefits was not timely. Following a hearing, the hearing officer granted Sullivan's claim, holding that the payment of the disability or sickness benefits prior to Sullivan's termination of employment constituted the necessary notice to the employer of the claim. The Department of Corrections sought review by the Workers' Compensation Appellate Commission, which reversed, finding that payment of sickness or other disability benefits did not satisfy the notice requirement. Sullivan appealed by leave granted.

The Court of Appeals *held*:

1. While the payment of disability benefits other than workers' disability compensation benefits will suspend the running of the two-year period during the period such payments are being made, such payments do not by themselves satisfy the statutory requirement that the employee give notice of a workers' disability claim to the employer within two years of the injury.

2. The appellate commission did not abuse its discretion by refusing to remand the matter to the hearing officer for additional evidence concerning the last date on which the other benefits had been paid.

Affirmed.

Rᴇғᴇʀᴇɴᴄᴇs
Am Jur 2d, Workmen's Compensation §§ 482, 490.
See the Index to Annotations under Workers' Compensation.

WORKERS' COMPENSATION — NOTICE OF CLAIM.

The two-year period within which an employee must make a claim for workers' disability compensation benefits will be extended for such period as the employee receives sickness or disability benefits other than workers' disability compensation benefits; however, the payment by the employer and receipt by the employee of other disability benefits will not by themselves satisfy the employee's duty to make a timely claim for workers' disability compensation benefits (MCL 418.381[1]; MSA 17.237[381][1]).

*Thomas J. Veum,* for plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Michael J. Gillman*), for defendant.

Before: CYNAR, P.J., and WEAVER and GRIFFIN, JJ.

PER CURIAM. Plaintiff, Linda M. Sullivan, appeals by leave granted from the May 11, 1989, order of the Workers' Compensation Appellate Commission, which reversed the hearing officer's decision and denied her claim for benefits as untimely. We affirm.

Plaintiff was employed by defendant, the Department of Corrections, at Kinross Correctional Facility and worked there until November 9, 1984. It is undisputed that she received sickness or disability benefits from November 9, 1984, until December 18, 1984, at which time she resigned her employment.

Plaintiff filed a claim for benefits on April 16, 1987. A hearing was held on December 8, 1987, and the hearing officer issued a decision dated January 12, 1988, granting her claim. The hearing officer found that plaintiff was partially disabled as a result of her employment with defendant and that she had been unable to find work paying equal or greater wages since her disability. The

hearing officer rejected defendant's argument that plaintiff's claim for benefits was untimely pursuant to § 381(1) of the Workers' Disability Compensation Act, MCL 418.381(1); MSA 17.237(381)(1), which provides in pertinent part:

> A proceeding for compensation for an injury under this act shall not be maintained unless a claim for compensation for the injury, which claim may be either oral or in writing, has been made to the employer or a written claim has been made to the bureau on forms prescribed by the director, within 2 years after the occurrence of the injury. . . . If an employee claims benefits for a work injury and is thereafter compensated for the disability by worker's compensation or benefits other than worker's compensation, or is provided favored work by the employer because of the disability, the period of time within which a claim shall be made for benefits under this act shall be extended by the time during which the benefits are paid or the favored work is provided.

The hearing officer found that plaintiff's receipt of disability benefits from November 9 until December 18, 1984, constituted the receipt of "benefits other than worker's compensation" within the meaning of the above statute and that defendant's payment of the disability benefits amounted to recognition of plaintiff's "claim for compensation for the injury" within the meaning of the first sentence of the above statute. The hearing officer therefore concluded that defendant received timely notice of the plaintiff's claim even though her petition was not filed with the Bureau of Workers' Disability Compensation until more than two years had elapsed.

Defendant appealed to the appellate commission, arguing that the magistrate had misconstrued the statute. On May 11, 1989, the appellate commis-

sion issued its decision on the merits. The appellate commission found competent, material and substantial evidence on the record to support the hearing officer's finding of a November, 1984, injury and a mental disability following plaintiff's last day of work. It also found substantial evidence supporting a finding that the disability continued for approximately one year following the November, 1984, injury. Nevertheless, the appellate commission reversed the hearing officer's award of benefits because it found plaintiff's claim to have been untimely made, stating:

> Defendant acknowledges timely receipt from plaintiff of notice of her injury. It is undisputed that, following her last day worked on November 9, 1984, plaintiff received sick leave benefits to December 18, 1984, inclusive. There is no evidence in the record before us that plaintiff thereafter received any type of benefit for her disability. The record substantiates that plaintiff was cognizant that her work exposure was responsible for her emotional condition on her last day worked and thereafter. . . . No claim has been made, nor are there any such proofs before us, that plaintiff was in any way physically or mentally incapacitated from making her claim prior to the filing date of her petition on April 16, 1987.

After citing § 381(1), the appellate commission concluded:

> Thus, even taking into account, those benefits paid her through December 18, 1984, plaintiff had to have filed her petition or made some other claim for benefits by December 18, 1986 to be successful here. Her failure to file her petition until April 16, 1987 renders her claim untimely.

We agree. Statutes are to be read in their en-

tirety so as to produce, if possible, a harmonious and consistent construction as a whole. *Joy Management Co v Detroit,* 176 Mich App 722, 731; 440 NW2d 654 (1989), lv den 433 Mich 860 (1989). Pursuant to the last sentence of § 381(1), quoted above, the appellate commission properly found that the running of the time period for making a claim was tolled while plaintiff received sickness or disability benefits. The appellate commission also properly found that once plaintiff stopped receiving such benefits she was required to make a further claim for workers' compensation or other benefits, either orally or in writing to the employer or in writing to the bureau. There is no evidence, or even allegation, here that plaintiff made such additional claim until she filed her petition with the bureau in April, 1987. This claim was clearly more than two years after December 18, 1984, when her disability or sickness benefits ended and the tolling of the running of the time limit ceased. Therefore, the appellate commission properly concluded as a matter of law that plaintiff's claim for benefits was untimely.

Additionally, plaintiff argues that the appellate commission erred in not granting her request for a remand to the hearing officer in order to allow her to introduce into evidence a letter, dated February 25, 1988, addressed to plaintiff from Aetna Life Insurance Company, defendant's disability insurance provider. This letter purportedly notified plaintiff of a lien claimed by Aetna against any workers' compensation benefits she might receive and is also claimed to indicate that Aetna paid sickness or disability benefits to plaintiff through May 14, 1985, and not December 18, 1984, as the evidence otherwise indicates. However, we find no abuse of the discretion afforded the appellate commission by MCL 418.861a(12); MSA 17.237(861a)

(12), in refusing plaintiff's request for remand given her complete failure to provide any plausible explanation for her failure at the original hearing to offer the letter or any other evidence, even her own testimony, that she received disability benefits beyond December, 1984. It is undisputed that the timeliness of plaintiff's claim was questioned at the hearing. We find it impossible to believe that plaintiff did not know of or could not have discovered with reasonable diligence in time for that hearing the additional period of time during which she allegedly received sickness or disability benefits from Aetna.

The order of the appellate commission is affirmed.