BIEBER v KEELER BRASS COMPANY

BARNARD v ACCO BABCOCK, INC

Docket Nos. 167566, 169848. Submitted January 10, 1995, at Grand Rapids. Decided April 3, 1995, at 10:05 A.M. Leave to appeal sought.

Edward B. Bieber, Jr., was injured in the course of his employment with Keeler Brass Company on August 13, 1984. Bieber sought worker's disability compensation benefits, which were paid voluntarily until May 23, 1985. Because of a nonwork-related injury, Bieber never returned to work with Keeler Brass. On February 16, 1988, Bieber filed an application for worker's disability compensation benefits. A hearing officer dismissed the claim on the basis that it had been filed more than two years after Bieber's last day of work and thus was barred under the provisions of § 381(1) of the Worker's Disability Compensation Act, MCL 418.381(1); MSA 17.237(381)(1). The Worker's Compensation Appellate Commission affirmed. Bieber appealed by leave granted.

John V. Barnard was injured in the course of his employment with Acco Babcock, Inc., on September 18, 1985. Barnard sought worker's disability compensation benefits, which voluntarily were paid until he returned to work on February 4, 1986. Barnard missed another period of work during which benefits were voluntarily paid. On December 4, 1987, Barnard was laid off from work because of a plant closing. On April 2, 1990, Barnard filed for worker's disability compensation benefits. A hearing officer granted Barnard benefits, finding that the claim was not barred by § 381(1) of the Worker's Disability Compensation Act. The Worker's Compensation Appellate Commission affirmed. Acco Babcock, Inc., appealed.

The appeals were consolidated for appellate review.

The Court of Appeals *held:*

Where, as in each of these cases, an injured employee has made a timely claim for worker's disability compensation benefits that were paid voluntarily by the employer, the employee's

REFERENCES

Am Jur 2d, Workers' Compensation § 240.

See ALR Index under Workers' Compensation.

right to benefits is preserved without the need to file a further claim. The two-year tolling period of § 381(1) is applicable only where the employee seeks benefits other than worker's disability compensation benefits or where workers' disability compensation benefits are voluntarily paid or favored work is given by the employer without the employee having made a claim. Because each of these claimants had made a timely claim for worker's disability compensation benefits, the right of each to those benefits was preserved without the need to file a further claim. Accordingly, the decision with respect to Barnard must be affirmed, and the decision with respect to Bieber must be reversed.

Affirmed with respect to Barnard; reversed and remanded with respect to Bieber.

WORKER'S COMPENSATION — CLAIMS — PRESERVING RIGHT TO BENE-
    FITS.

An injured employee's right to worker's disability compensation benefits is preserved without the need to file a further claim where the injured employee has made a timely claim for worker's disability compensation benefits and those benefits were paid voluntarily by the employer.

*Drew, Cooper & Anding, P.C.* (by *Stephen R. Drew*), for Edward Bieber, Jr.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Rosemary E. Jabbour*), for John V. Barnard.

*Grzanka Grit* (by *Jon H. Hulsing*), for the defendants.

Before: MACKENZIE, P.J., and GRIFFIN and NEFF, JJ.

NEFF, J. In these consolidated worker's compensation cases we are required to interpret § 381(1) of the Worker's Disability Compensation Act (WDCA), MCL 418.381(1); MSA 17.237(381)(1), and resolve the conflict created by two opinions of the Worker's Compensation Appellate Commission (WCAC) that reach opposite results in cases presenting

identical factual circumstances for purposes of legal analysis. The WCAC affirmed a magistrate's decision dismissing Edward Bieber, Jr.'s petition for benefits under § 381(1) for failure to file a second claim within two years after he last worked. The WCAC affirmed a magistrate's decision, finding that John Barnard was not barred under § 381(1) from receiving benefits under similar facts. We affirm with respect to Barnard and reverse and remand with respect to Bieber.

I

The facts are not in dispute in either case. Barnard was injured in the course of his employment on September 18, 1985. Barnard immediately was provided with medical treatment and did not return to work until February 4, 1986. One or two days after Barnard was injured he requested worker's compensation benefits, which were voluntarily paid until Barnard returned to work. Subsequently, Barnard missed another period of work during which worker's compensation benefits were again voluntarily paid. Barnard again returned to work and performed light work until his last day of work on December 4, 1987, when Barnard was laid off in connection with a plant closing. Barnard applied for benefits on April 2, 1990, more than two years after his last day of work.

Bieber was injured on August 13, 1984. He claimed worker's compensation benefits, which were voluntarily paid until May 23, 1985. In the interim, Bierber was injured in a nonwork-related automobile accident. Bierber never returned to work for Keeler Brass Company. He filed an application for benefits on February 16, 1988, more than two years after his last day of work in August 1984.

II

Section 381(1) requires an injured employee to provide a timely notice of injury and a timely claim for compensation. These appeals concern the timeliness of a claim.

Generally speaking, § 381(1) requires an employee to make a claim within two years of being injured. Section 381(1) provides:

> *A proceeding for compensation for an injury under this act shall not be maintained unless a claim for compensation for the injury, which claim may be either oral or in writing, has been made to the employer or a written claim has been made to the bureau on forms prescribed by the director, within 2 years after the occurrence of the injury.* In case of the death of the employee, the claim shall be made within 2 years after death. The employee shall provide a notice of injury to the employer within 90 days after the happening of the injury, or within 90 days after the employee knew, or should have known, of the injury. Failure to give such notice to the employer shall be excused unless the employer can prove that he or she was prejudiced by the failure to provide such notice. In the event of physical or mental incapacity of the employee, the notice and claim shall be made within 2 years from the time the injured employee is not physically or mentally incapacitated from making the claim. *A claim shall not be valid or effectual for any purpose under this chapter unless made within 2 years after the later of the date of injury, the date disability manifests itself, or the last day of employment with the employer against whom claim is being made. If an employee claims benefits for a work injury and is thereafter compensated for the disability by worker's compensation or benefits other than worker's compensation, or is provided favored work by the employer because of the disability, the period of time within which a claim shall be made for*

*benefits under this act shall be extended by the
time during which the benefits are paid or the
favored work is provided.* [Emphasis added.]

Section 381(1) unambiguously provides that no
claim is valid unless made within two years of the
date of injury, the date disability manifests itself,
or the last day of employment. The last sentence
of § 381(1) extends the time in which to make a
claim in cases where an employee has already
received compensation for the disability.

In both of these appeals plaintiffs satisfied the
claim requirement of § 381(1) by claiming worker's
compensation benefits well within two years of
their injuries. Indeed, within days of the injuries,
worker's compensation benefits were claimed and
voluntarily paid. We find nothing in § 381(1) to
require plaintiffs to make more than one claim for
worker's compensation benefits to preserve the
right to those benefits at a future date.

A

The two defendants in these cases, and the WCAC
in *Bieber,* rely on the last sentence of § 381(1) to
support their position that the termination of
payment of worker's compensation benefits trig-
gers a new requirement to claim benefits for the
same injury within two years of the last day
worked[1] to preserve the right to qualify for further
benefits under the WDCA. A careful review of the
language involved leads to the conclusion that
their reliance is misplaced, because that part of
§ 381(1) does not apply in these cases. In order to
understand why this is so, it is necessary to under-

---

[1] The last dates of employment are the key dates in these cases,
because they are later than the dates of injury or the dates the
disabilities were manifested.

stand the distinction between the types of benefits to which § 381(1) refers.

### B

Worker's compensation benefits are benefits payable under the WDCA and are different from other[2] benefits to which an employee may be entitled[3] on account of a work-related injury and that are not governed by the WDCA. The last sentence of § 381(1) first makes reference to an employee who "claims benefits for a work injury," meaning any benefits of any type. The last clause of the sentence extends[4] the period for making a claim "for benefits under the act," referring exclusively to a claim for worker's compensation benefits. In other words, if an employee makes a claim for *any benefits,* the last sentence of § 381(1) extends the time to claim worker's compensation benefits, *unless* the employee has already made a claim for worker's compensation benefits.

Therefore, the last sentence of § 381(1) applies when an employee *claims* benefits other than worker's compensation benefits. Under these circumstances an extension of time to file a claim for worker's compensation benefits may become necessary if no claim for worker's compensation benefits has yet been made by the employee. The tolling provision of the last sentence of § 381(1) then becomes operative while the employee receives the benefits. It is irrelevant if the employer neverthe-

[2] Other benefits available to injured employees include social security benefits, wage continuation payments, unemployment compensation, group disability benefits, sickness and accident benefits, and so on. *Maner v Ford Motor Co,* 196 Mich App 470, 478-480; 493 NW2d 909 (1992), aff'd 442 Mich 620; 502 NW2d 197 (1993).

[3] Employees may be entitled to other benefits by statute other than the WDCA or as a matter of contract. *Maner, supra.*

[4] Among the definitions of "extend" in *Webster's New Collegiate Dictionary* (1974) is "to cause to be longer: prolong in time."

less provides worker's compensation benefits on its own; in that case, the last sentence still applies where the employee has not made a claim for worker's compensation benefits. But if an employee claims worker's compensation benefits in a timely fashion, i.e. within the two-year time period, the last sentence of § 381(1) is unnecessary and does not apply, because the claim for benefits under the act has been made and the right to benefits preserved.[5]

This statutory scheme avoids needless, duplicative worker's compensation claims and, at the same time, it protects the rights of employees to claim worker's compensation benefits when other benefits run out. Once the other benefits become unavailable, the employee has the same two years in which to claim worker's compensation benefits as does any other injured worker.

### C

On the facts of these two cases, there was no need to extend the period to make a claim for worker's compensation benefits, because the timely claims already had been made within the two-year period. To interpret the statute as defendants argue would lead to extending a period for making a claim when the claim has already been made and no extension is needed. Constructions of statutes which lead to absurd results are to be avoided. *Oak Park Village v Gorton,* 128 Mich App 671, 677; 341 NW2d 788 (1983).

---

[5] Defendants' reliance upon *Sullivan v Dep't of Corrections,* 185 Mich App 157; 460 NW2d 253 (1990), and *Hunt v General Motors Corp,* 184 Mich App 348; 457 NW2d 160 (1990), is misplaced. In both cases the injured employee sought and received sickness and accident benefits and at a much later date sought worker's compensation benefits. The request for sickness and accident benefits was not sufficient to constitute a claim for worker's compensation benefits, and the only other claim either employee could show was a petition that was filed beyond the two-year limit.

We hold that the last sentence of § 381(1) has no applicability where employees claim worker's compensation benefits in a timely fashion, i.e., within two years after the occurrence of their injuries.

III

As noted, in these cases plaintiffs satisfied the two-year claim requirements of § 381(1) by making claims for worker's compensation benefits well within two years of the occurrence of their injuries, and the statute does not require plaintiffs to make an additional claim for worker's compensation benefits even though they received prior worker's compensation benefits on account of their injuries. Under these circumstances, a claim might not be litigated until more than two years after the injury.

However, defendants and other employers have the benefit of the two-year-back rule, MCL 418.381(2); MSA 17.237(381)(2), and the one-year-back rule, MCL 418.833(1); MSA 17.237(833)(1). Indeed, if we accepted defendants' construction of the last sentence of § 381(1), the two-year-back rule would be virtually meaningless. If an employee is always barred from applying for benefits more than two years after last working or last receiving benefits, there could be no loss to compensate more than two years old. Such a construction would lead to reading § 381(2) out of the statute. This Court avoids any construction that would render a statute, or any part of it, surplusage or nugatory, and will, as far as possible, give effect to every phrase, clause, and word. See *Jenkins v Great Lakes Steel Corp,* 200 Mich App 202, 209; 503 NW2d 668 (1993).

The WCAC's decision in *Barnard,* No. 169848, is

affirmed. The WCAC's decision in *Bieber,* No. 167566, is reversed and that matter is remanded to the WCAC for further proceedings consistent with this opinion. We do not retain jurisdiction.