COLBERT v CONYBEARE LAW OFFICE

Docket No. 211467. Submitted December 15, 1999, at Grand Rapids. Decided February 4, 2000, at 9:15 A.M.

Kevin K. Colbert brought an action in the Berrien Circuit Court against Conybeare Law Office and Bruce C. Conybeare, alleging legal malpractice and breach of contract. Linda S. Henley, the plaintiff's ex-wife, intervened as a third-party plaintiff, seeking a portion of any proceeds that the plaintiff would recover in the action. The court, Paul L. Maloney, J., granted the defendants' motion for summary disposition, finding that although there were questions of fact concerning whether the plaintiff's injury was work related, the defendants were entitled to summary disposition. The court found that the plaintiff's worker's compensation claim was timely filed because the period of limitation for filing the claim was tolled while the plaintiff received social security benefits for his injuries. The court also found no evidence of actual damages resulting from the alleged malpractice. The plaintiff appealed.

The Court of Appeals held:

1. The court properly determined that the worker's compensation claim was properly filed because the period of limitation in MCL 418.381(1); MSA 17.237(381)(1) was tolled.

2. The plaintiff's employer had notice of facts that gave rise to at least a potential claim for worker's compensation because the employer had direct knowledge that the plaintiff was injured in a vehicle accident on his way to his job site while driving his own vehicle but while carrying tools for the employer.

3. There is no requirement that an injured employee, in order to preserve the employee's right to file a worker's compensation claim pursuant to the tolling provision of subsection 381(1), must explicitly indicate that the employee's injury is work related on claims the employee makes for other compensation or benefits for the injury before the employee makes a claim for worker's compensation.

4. Subsection 381(1) does not require that the "benefits other than worker's compensation" be from the employer in order to toll the running of the period of limitation. The period of limitation was

tolled while the plaintiff received social security benefits as a result of the injuries received in the accident.

5. The court properly found that the plaintiff failed to show actual injury, not just potential injury, resulting from the alleged malpractice.

Affirmed.

1. WORKER'S COMPENSATION — LIMITATION OF ACTIONS — TOLLING PERIODS OF LIMITATION.

The Worker's Disability Compensation Act provides a two-year period of limitation in which to bring a worker's compensation claim; a tolling provision extends the time in which a claim may be made where the claimant has received benefits other than worker's compensation for the injury; the benefits other than worker's compensation need not be from the employer in order to toll the period of limitation; the employee's right to file a worker's compensation claim pursuant to the tolling provision is not dependent on the employee's indication on claims the employee makes for other compensation or benefits for the injury that the injury was work related (MCL 418.381[1]; MSA 17.237[381][1]).

2. WORKER'S COMPENSATION — NOTICE OF INJURY.

An employee who receives a work-related injury has a duty to give the employer notice of the accident causing the injury and, if the employer contests the claim, the employee must show that the injury is compensable; notice to the employer of the injury itself is generally sufficient if the employer has some independent knowledge of accompanying facts connecting the injury with the employment such that the case might involve a potential compensation claim; a potential claimant's notice need not be given with a view to claiming worker's compensation as long as the employer is on notice of the injury and accompanying facts sufficient to enable the employer to make an investigation of the injury.

3. ACTIONS — LEGAL MALPRACTICE — BURDEN OF PROOF.

The plaintiff in an action alleging legal malpractice must show that but for the attorney's alleged malpractice, the plaintiff would have been successful in the underlying suit; the plaintiff must show actual injury caused by the malpractice, not just the potential for injury.

*Law Office of Thomas A. Geelhoed* (by *Thomas A. Geelhoed*), for the plaintiff.

*Farr & Oosterhouse* (by *William S. Farr* and *John R. Oostema*), for the defendants.

Before: FITZGERALD, P.J., and HOEKSTRA and MARKEY, JJ.

PER CURIAM. Plaintiff appeals by right from the trial court's order granting summary disposition to defendants pursuant to MCR 2.116(C)(10) with regard to plaintiff's claims of legal malpractice and breach of contract. We affirm.

I

On June 23, 1992, plaintiff was involved in a motor vehicle accident in which he sustained serious injuries. As a result of his injuries, plaintiff was unable to return to work. At the time of the accident, plaintiff was employed by a construction company as a heavy equipment operator and was on his way to a job site when the accident occurred. Plaintiff was driving his own vehicle at the time of the accident, but in the vehicle he had an electric drill that a superintendent for the construction company had asked plaintiff to carry back and forth for use on the job site. The superintendent, who was also a volunteer fireman and a son of the company owner, was called to the scene of the accident, helped extricate plaintiff from the wreckage, and later retrieved the electric drill from plaintiff's vehicle. The company owner also came upon the scene of the accident on his way to work and saw plaintiff in the wreck.

Two days after the accident, plaintiff filed a claim with his automobile insurer for first-party benefits under the no-fault automobile insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* He began

receiving the benefits shortly thereafter and continued to receive them until June 1995.[1] Plaintiff also applied for social security disability benefits, which he has been receiving on a monthly basis since December 1992.

On July 8, 1992, plaintiff retained defendants to represent him in claims and legal proceedings arising out of the accident, including a third-party claim under the no-fault act against the driver responsible for the accident, a potential worker's compensation claim, and medical malpractice claims arising from plaintiff's injuries. Defendants assisted plaintiff in settling the third-party claim for the amount of the other driver's policy limits. In a letter to plaintiff dated September 28, 1992, defendants informed plaintiff that they would not represent him in a possible medical malpractice action and advised him of the statute of limitations applicable to such a claim. Defendants also advised plaintiff that he could not successfully bring a worker's compensation claim because he was "simply on [his] way to work" at the time of the accident. Defendants stated that the fact that plaintiff was carrying tools owned by his employer at the time of the accident did not make his injuries work related. Defendants did not advise plaintiff of the time limitations for filing a worker's compensation claim.

Plaintiff subsequently retained different counsel and did file a claim for worker's compensation benefits. The claim was filed on December 28, 1994, approximately 2½ years after the accident. In January 1996, plaintiff settled the worker's compensation

---

[1] By June 7, 1995, plaintiff had received no-fault benefits including approximately $57,000 in work-loss benefits and $123,000 in medical benefits.

claim for a lump-sum payment of $215,000. Plaintiff then sued defendants for legal malpractice and breach of contract, alleging that defendants' erroneous advice regarding the viability of a worker's compensation claim deprived him of the opportunity to pursue his worker's compensation claim in a timely manner.[2] Plaintiff alleged that his ability to obtain worker's compensation benefits as a result of the accident was compromised because the delay in filing his claim resulted in a loss of plaintiff's bargaining leverage in settlement negotiations with his employer and insurer that led to a settlement that was less than plaintiff could have received had his claim been timely filed. Plaintiff further alleged that he was damaged by the loss of opportunity to pursue his worker's compensation claim, the loss of rights to receive worker's compensation benefits, the delay in receiving worker's compensation benefits, and mental anguish and other unspecified damages.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(10) with regard to plaintiff's claim of legal malpractice. Defendants argued that plaintiff could not establish the element of proximate cause because, as matter of law, plaintiff's injuries were not work related, and plaintiff therefore had no worker's compensation claim. Defendants further argued that even if plaintiff did have such a claim, it was timely filed, and plaintiff's allegation that he had to settle his claim for less because it was not timely filed was thus without basis and there were no resulting damages.

---

[2] Plaintiff's ex-wife, Linda Sue Henley, later intervened as a third-party plaintiff seeking a portion of any proceeds that plaintiff recovered in the action against defendants.

The trial court found that although there were questions of fact concerning whether plaintiff's injury was work related, defendants were nevertheless entitled to summary disposition. The court determined that plaintiff's worker's compensation claim was timely filed because the applicable period of limitation in MCL 418.381(1); MSA 17.237(381)(1) was tolled while plaintiff received social security benefits.[3] The court also determined that plaintiff had presented no evidence of actual damages resulting from the alleged malpractice of defendants. The court granted plaintiff leave to amend his complaint to plead specific statements of proximate cause and a specific statement of damages, but plaintiff did not amend his complaint and instead brought the instant appeal.

II

Plaintiff claims that the trial court erred in holding that his claim for worker's compensation benefits was tolled under subsection 381(1) of the Worker's Disability Compensation Act, MCL 418.381(1); MSA 17.237(381)(1). We agree with the trial court that plaintiff's worker's compensation claim was timely filed because the period of limitation in subsection 381(1) was tolled.

We conduct a review de novo of the trial court's grant of summary disposition. *Coleman v Kootsillas*, 456 Mich 615, 618; 575 NW2d 527 (1998). Whether a cause of action is barred by a statute of limitations is, absent disputed issues of fact, a question of law that

---

[3] The court expressly determined that the period of limitation in subsection 381(1) was tolled by plaintiff's receipt of social security benefits, but the court was not persuaded that plaintiff's receipt of first-party benefits under the no-fault act tolled the period of limitation.

we review under the same standard. *Todorov v Alexander*, 236 Mich App 464, 467; 600 NW2d 418 (1999). The interpretation of statutes is also a question of law that we consider de novo. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

The statute of limitations for filing a worker's compensation claim is set forth in subsection 381(1), which states:

> A proceeding for compensation for an injury under this act shall not be maintained unless a claim for compensation for the injury, which claim may be either oral or in writing, has been made to the employer or a written claim has been made to the bureau [of worker's compensation] on forms prescribed by the director, within 2 years after the occurrence of the injury. . . . A claim shall not be valid or effectual for any purpose under this chapter unless made within 2 years after the later of the date of injury, the date disability manifests itself, or the last day of employment with the employer against whom claim is being made. *If an employee claims benefits for a work injury and is thereafter compensated for the disability by worker's compensation or benefits other than worker's compensation*, or is provided favored work by the employer because of the disability, *the period of time within which a claim shall be made for benefits under this act shall be extended by the time during which the benefits are paid* or the favored work is provided. [Emphasis added.]

Subsection 381(1) thus provides that a claim for worker's compensation is not valid unless made within two years of the date of injury, the date disability manifests itself, or the last date of employment. However, the last sentence of subsection 381(1) is a tolling provision that extends the time in which a

claim for worker's compensation may be made in cases where an employee has already received compensation for the disability. *Bieber v Keeler Brass Co*, 209 Mich App 597, 601; 531 NW2d 803 (1995). It is the last sentence of subsection 381(1) that is at issue here.

A

Plaintiff argues first that the two-year period of limitation was not tolled because, before he filed his worker's compensation claim, he did not categorize his injuries as work related.[4]  Plaintiff's argument is without merit.

An employee who receives a work-related injury has two duties: one is to give notice to his employer of the accident causing injury and, if the employer contests the employee's claim, the second is to show that the resulting injury is compensable. *Norris v Chrysler Corp*, 391 Mich 469, 477-478; 216 NW2d 783 (1974); *Ratliff v General Motors Corp*, 127 Mich App 410, 420-421; 339 NW2d 196 (1983). Notice to the employer of the injury itself is generally sufficient if the employer has some independent knowledge of accompanying facts connecting the injury with the employment such that the case might involve a *potential* compensation claim. See *Nicholson v Lansing Bd of Ed*, 423 Mich 89, 102, 103 & n 3; 377 NW2d 292 (1985); *Norris, supra* at 477-478; *Ratliff, supra* at 421. A potential claimant's notice need not be given with a view to claiming worker's compensation as long as the employer is on notice of the injury and accompanying facts sufficient to enable the employer to make

---

[4] Plaintiff indicated on his application for no-fault benefits that he was not "on the job working when the accident occurred."

an investigation of the injury. *Norris, supra* at 474-476; 82 Am Jur 2d, Workers' Compensation, § 495, p 492. In the instant case, plaintiff's employer had direct knowledge that plaintiff was injured in an accident on his way to his job site while carrying tools for the employer. Thus, plaintiff's employer would have been on notice of facts that gave rise to at least a *potential* claim for worker's compensation benefits. See MCL 418.301; MSA 17.237(301); *Camburn v Northwest School Dist (After Remand)*, 459 Mich 471, 480-483; 592 NW2d 46 (1999) (CAVANAGH, J., concurring); *Nicholson, supra* at 101; *Bush v Parmenter, Forsythe, Rude & Dethmers*, 413 Mich 444, 452, n 6; 320 NW2d 858 (1982); *Ream v L E Myers Co*, 72 Mich App 238, 242-243; 249 NW2d 372 (1976).

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). We look to the object of the statute, the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the statute's purpose. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994). The purpose of the Worker's Disability Compensation Act is remedial in nature and should not be construed unnecessarily to deny benefits. *Nederhood v Cadillac Malleable Iron Co*, 445 Mich 234, 247; 518 NW2d 390 (1994).

To adopt plaintiff's interpretation of the tolling provision would lead to an absurd reading of the statute in question. A statute should be construed so as to avoid, not produce, absurd results. *Bieber, supra* at 603. According to plaintiff, an injured employee

would have to explicitly characterize an injury as work related when applying for benefits or compensation other than worker's compensation for the injury—even if such a characterization was not requested or necessary—in order to preserve the injured employee's right to file a worker's compensation claim more than two years after the injury occurred. Under plaintiff's interpretation, the employee's characterization (or lack of characterization) of the injury in the employee's application for other benefits or compensation would be of primary significance under subsection 381(1). However, the important question with regard to a worker's compensation claim is not whether the claimant has characterized the injury as work related, but whether the injury is, in fact, work related. This determination is not made by a claimant, or even an employer. Rather, this determination is made by the Bureau of Worker's Disability Compensation or by a court. *Norris, supra* at 480; *Zarka v Burger King*, 206 Mich App 409, 411; 522 NW2d 650 (1994).

We hold that in order for an injured employee to preserve the employee's right to file a worker's compensation claim pursuant to the tolling provision of subsection 381(1), the employee is not required to explicitly indicate that the employee's injury is work related on claims the employee makes for other compensation or benefits for the injury before the employee makes a claim for worker's compensation.

B

Plaintiff also contends that in order to toll the period of limitation in subsection 381(1), the benefits a claimant receives must come directly from the

employer and, because plaintiff's social security benefits were not provided by his employer, the period of limitation was not tolled. Plaintiff's contention is based on a statement within a legislative analysis of the statute:

> If an employee is injured and receives compensation or consideration *from the employer* other than workers' compensation, the period of time within which the employee must claim workers' compensation will be extended by the amount of time during which the employee received other benefits. [Senate Legislative Analysis, SB 1044 (Second Analysis) January 7, 1981 (emphasis added).]

Plaintiff argues that this analysis demonstrates the intent of the Legislature to extend the time for filing a worker's compensation claim only when the injured employee receives compensation or consideration *from the employer.* Plaintiff's argument is without merit.

Our Supreme Court has stated that "inquiry into the Legislature's intent when it passes a statute does not begin with committee reports or legislative analysis; rather, ' "the starting point in every case involving construction of a statute is the language itself." ' " *House Speaker v State Administrative Bd,* 441 Mich 547, 567; 495 NW2d 539 (1993) (citations omitted). This Court has determined, in dictum, that the language of subsection 381(1) does not require that the "benefits other than worker's compensation" be from the employer in order to toll the period of limitation. See *Bieber, supra* at 602, n 2 (benefits that toll the period of limitation in subsection 381(1) include social security benefits, wage continuation payments, unemployment compensation, group disability benefits, and sickness and accident benefits). We agree

and hold that the period of limitation in subsection 381(1) was tolled during the time that plaintiff received social security benefits as a result of the injuries plaintiff received in the June 23, 1992, accident. The trial court was correct in its determination that plaintiff's claim for worker's compensation was timely.

III

Plaintiff next claims that, even if the period of limitation was tolled, the trial court erred in determining that plaintiff's delay in filing his worker's compensation claim was not the proximate cause of damages to plaintiff. Plaintiff contends that he suffered foreseeable monetary damages because of the delay, caused by defendants' negligent advice, in filing his worker's compensation claim.

The trial court granted summary disposition of plaintiff's claim pursuant to MCR 2.116(C)(10). To survive a motion for summary disposition pursuant to MCR 2.116(C)(10), the adverse party must present affidavits or other documentary evidence as provided in the court rule to show that a genuine issue of material fact exists, or the adverse party risks having judgment entered against him. MCR 2.116(G)(4); *Patterson v Kleiman*, 447 Mich 429, 432; 526 NW2d 879 (1994). We agree with the trial court that plaintiff failed to demonstrate that a genuine issue of material fact exists so as to warrant a trial regarding plaintiff's claim.

In a legal malpractice action, the plaintiff has the burden of showing that " 'but for the attorney's alleged malpractice, he would have been successful in the underlying suit.' " *Charles Reinhart Co v*

*Winiemko,* 444 Mich 579, 586; 513 NW2d 773 (1994) (citation omitted). The underlying suit in the present case is plaintiff's worker's compensation claim. A claim of malpractice further requires a showing of actual injury caused by the malpractice, not just the potential for injury. *Keliin v Petrucelli,* 198 Mich App 426, 430; 499 NW2d 360 (1993). Although plaintiff claims that it was foreseeable that he would suffer damages as the result of his delay in filing a worker's compensation claim, plaintiff relies solely on speculation and the potential for injury to support his claim. Plaintiff has offered no evidence showing actual injury, i.e., the "fact and extent" of the damages he alleges. *McCluskey v Womack,* 188 Mich App 465, 473; 470 NW2d 443 (1991). Therefore, the trial court did not err in granting summary disposition for defendants with regard to plaintiff's claims.

We affirm.